Woodruff, J.
The defendant, Edgerton, moves to set aside an inquest in the above action, taken on the 27th day of June last. The case was on the calendar of the previous day, but was postponed upon the application of the defendant, in consequence of the engagement of his counsel in the United States District Court. An effort was made on the 27th, by the defendant, Edgerton, (who alone had put in an answer,) to procure .a further postponement, but the grounds of the application were not deemed sufficient, and the cause was therefore called, and the defendant not appearing, the plainfiff proceeded to an inquest, and a judgment was entered thereon.
The grounds upon which the present motion is urged, on behalf of the said Edgerton, are:
1st. That he has a meritorious defence.
2d. That his witnesses were absent from the city, when the cause was called for trial.
3d. That his counsel was actually engaged in the District Court at the time the inquest was taken, and that the clerk, in his office, by whom the application to postpone was made on the 27th of June, and by whom the affidavit for that purpose was prepared, had not sufficient experience and skill to prepare the affidavit properly, - and that the postponement was denied by reason of its insufficiency.
In relation to this last suggestion, it may not be amiss to observe, that the practice of employing students, and in some instances, of mere errand boys, to attend court, prepare affidavits, and make motions, would not formerly have been permitted at all; and if by reason of the immediate engagement of counsel, his clerk be allowed to suggest such engagement, it is by no means an act of prudence to entrust to him the conduct of an important motion, *655 and the preparation of the papers therefor. It is not too ranch to say, that if the opposing counsel and the court, depart from the established rule governing the conduct of proceedings in open court, so far as to give indulgence to such an application, the inexperience or want of skill of the clerk ought not afterwards to be urged as a ground for any relief upon facts then existing, and which ought then to have been laid before the court.
The engagement of counsel in the trial of a cause in another court is generally regarded as a ground of indulgence, and it seems was so treated when this cause was first called for trial, and for that reason it was postponed to another day; but when it became apparent that further delay would not only involve the loss of a term, but would have delayed the cause over the summer vacation, for three months, it does not seem to me that such excuse should have prevailed.
The absence of the defendant’s witnesses was undoubtedly sufficient cause for postponement, if it was made to appear that their testimony was material, and that due diligence had been used in the endeavour to procure their testimony. That, however, was not shown, and it is conceded on the present motion, that the .postponement of the cause was properly denied upon that ground.
The remaining material inquiry is, then, Ought the inquest to be set aside, notwithstanding the previous laches of the defendant, on the ground that he has a meritorious defence, and that, therefore, injustice will result from the application of a strict rule ?
The action is brought against two defendants, Edgerton & Brit-tan, as partners, under the firm name of T. T. Edgerton & Co., for goods alleged to have been sold to them by the plaintiff. And it appears that an order for the arrest of the defendant was obtained on the ground that the debt was fraudulently contracted.
The question whether such order was or was not properly made, does not come under review on this motion. Although the defendant denied the fraud, that was no part of the issue to be tried. The only defence to the action was, that the plaintiff did not sell and deliver the goods to the defendants. And it now appears by the affidavits, that this defence proceeds upon the allegation that the goods were sold to the defendants by John S. Fake, and not by the plaintiff.
The defendants therefore, had the goods, and are liable to pay *656 for them; and the merits of the controversy present the single question, who was the owner of the goods sold, or rather does it appear from the facts laid before me, that any injustice will result from permitting the present plaintiff to enforce the judgment ?
In this connection, it is important to notice, that this inquest was taken in June last, and no steps were taken to obtain relief therefrom, until the middle of October. In the mean time, execution had been issued against the property of the defendants, and returned unsatisfied; and an execution against the body of the defendant being thereupon issued, the defendant was arrested thereon, on or about the 2d day of September, and having given bail for the jail limits, the defendant afterwards, as it is alleged, departed therefrom, whereupon the plaintiff commenced a suit against the sheriff for an escape, which is now pending. Under such circumstances, it would not be a harsh exercise of discretion to deny the present motion, upon the ground of delay in making the application. On the contrary, it is rather in conformity with the long approved practice of the courts, to deny it on that ground alone. If, however, to this be added, that it does not appear that injustice will be done by suffering the judgment to stand, there will be no room for hesitation. And upon that subject, the delay itself, not only after- notice of the judgment, but for six weeks after the defendant was taken in execution, indicates, pretty clearly, that the defendant did not feel himself in any danger of suffering any injustice.
But upon the papers laid before me, it is not doubtful. There is no pretence that the goods were not sold, nor that the money was not due therefor. And it is conceded, that John S. Fake sold the goods to the defendants. And although the defendant, and the persons whose affidavits are produced by him, state that he sold them in his- own name, and as the owner thereof, (not disclosing any principal,) yet the defendant does not intimate, that had the suit been brought in the name of John S., he has any defence which could defeat a recovery. While on the other hand, the plaintiff produces not only the affidavit of John S., stating that in making the sale, he was only agent for the plaintiff, who was the real owner of the goods, and that the defendant knew that he was so acting. But he also produces the affidavit of the co-defendant, Brittan, that the ownership of the plaintiff was stated to *657 Mm in the presence of the defendant, Edgerton, before the delivery of the goods was completed, and long before this smt was brought.
I am not disposed to try the merits of the cause upon conflicting affidavits on such a motion as the present; but I advert to this state of the proofs before me, and to the additional fact also stated, that the proofs taken on the inquest were to the same purport and given by the same John S. Fake, and the co-defendant, Brittan, for the purpose of saying, not so much that all pretence of any defence is refuted, as that the defendant is abundantly protected against any injustice to be apprehended from any claim'by John S. Fake to recover for the same goads, and that, in connection with the long delay of the defendant in making his motion, the indication is very strong that there is no good faith on Ms part in the motion itself.
The motion must be denied.