## N. Y. COMMON PLEAS.

EDWARD BROWN, plaintiff and respondent, agt. CHARLES
MORAN, Jr., defendant and appellant.

*Adjournment — When refusal to adjourn trial cannot be reviewed on appeal —
What must be made to appear when adjournment is asked on account of
absence of witness — Negligence — when question of, does not arise.*

A motion to adjourn in the marine court is addressed to the discretion of
the trial judge, and although it is subject to review by the general term
of that court, such discretion cannot be reviewed on appeal to the
court of common pleas.

A party is not entitled to an adjournment on account of the absence of a
material witness, unless it is made to appear that the attendance of the
witness can be procured within a reasonable time.

Where willful trespass is committed, the question of negligence does not
arise.

*General Term, May*, 1883.

*Before* VAN BRUNT, J. F. DALY *and* VAN HOESEN, *JJ.*

APPEAL from an order of the general term of the marine
court, affirming a judgment rendered at the trial term thereof
by Mr. justice McADAM.

*J. M. Bowers*, for appellant.

*J. F. Fallon* and *L. J. Conlan*, for respondent.

VAN BRUNT, J. — The claim made upon the argument of
this appeal, that it was error for the judge to refuse to post-
pone the trial, even if his ruling could be reviewed in this court,
is not well founded. The motion to postpone was addressed
to the sound discretion of the court below, and although the
discretion of the judge at the trial term might be reviewed
by the general term of that court, this court cannot review
the discretion of the general term of the marine court.
Even if such discretion could be reviewed, we see no reason

for reversing their action. The trial of the cause had been postponed on account of the absence of this witness, and at the time of the application to postpone under consideration, the affidavits upon which it was founded disclosed no time at which it was probable that the attendance of the absent witness could be secured. This is an essential element in such application, as the motion can only be granted where it appears that the attendance of the witness can be procured within a reasonable time. As to the exceptions to the admission of evidence, it might be sufficient to state that the learned judge charged every proposition submitted by the defendant as to the law of the road, after the latter had been notified by the court that that question would be treated as matter of law.

The evidence of custom was entirely irrelevant to the facts of this case. The plaintiff's testimony tended to prove a most malicious trespass, and the defendant's evidence, if true, showed that he had nothing whatever to do with the happening of the accident. There was no room for any question of negligence. The defendant either intentionally drove into the plaintiff, or he did not. If he did not, then the plaintiff, under the evidence, could not recover. It is true that the question of negligence was submitted to the jury and the charge was therefore more favorable to the defendant than he was entitled. The judgment appealed from should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.