WILKINS v. BEADLESTON & WOERZ.

(Supreme Court, Trial Term, Kings County. December, 1900.)

1. NEW TRIAL—WITHDRAWAL OF JUROR—MOTION—GROUNDS.

At the call of the calendar on the day of trial and on the previous day, defendant moved by affidavit for a postponement, which was denied. At the trial, defendant moved that a juror be withdrawn because it was not ready with its witnesses, without stating any reasons for not being ready, which was denied, and an exception taken. Held, that a motion for a new trial directed to the refusal to allow withdrawal of a juror, which stated no reason why defendant's witnesses were not ready, would be denied, since the court could not refer to the motions for a continuance made before trial for such reasons.

2. SAME—DENIAL OF MOTION FOR POSTPONEMENT.

Where defendant, on the call of the calendar, moved on affidavit for a postponement because of the absence of witnesses, a denial of such motion was not ground for granting a motion for a new trial on the judge's minutes, since the motion for a postponement was no part of the trial, and could only be reviewed on appeal from the order denying the motion.

3. MOTION FOR POSTPONEMENT—ABSENCE OF WITNESSES—AFFIDAVIT—SUFFICIENCY.

A motion for a postponement will not be granted on affidavits of the assistant in the office of the defendant's attorney, giving the names of

three alleged witnesses, which were submitted to the office of defendant's attorney as witnesses of the alleged accident, but not showing that they actually saw the accident, nor who they were, where they lived, or whether they could be found.

Action by Frances M. Wilkins against Beadleston & Woerz. Motion by defendant for a new trial on the judge's minutes. Denied.

Andrew Wilson, for plaintiff.
Grant C. Fox, for defendant.

GAYNOR, J. The cause came on the day calendar on Friday, December 14th. No excuse was offered by either side; both sides answered "Ready." By a printed calendar rule in Kings county a cause is never reached for trial the first day it comes on the day calendar, but is passed for that day if marked ready. On the call of the day calendar on Monday, December 17th, and again the next day, the defendant requested that the cause be postponed on the ground of the absence of witnesses. By another printed calendar rule motions to postpone or put causes off are not heard orally in Kings county, but have to be submitted on affidavits on the call of the day calendar in the morning; and the said motion of the defendant was so submitted. The affidavits, which were substantially the same each day, being read by the court immediately after the calendar call, as is the rule, the cause was marked ready, the reason being endorsed by the court on the affidavits. On Tuesday, not in the morning, but later in the day, the cause was reached for trial. After the jury had been examined by counsel on both sides, and sworn, counsel for the defendant said in so many words and no more that he moved that a juror be withdrawn on the ground that the defendant was not ready with its witnesses. The motion was denied and an exception taken. This motion for a new trial on the minutes was made for the defendant after the verdict on all the usual grounds, and "particularly on the exception to the denial of the motion to withdraw a juror."

There is nothing in the minutes of the trial to show on what ground the defendant claimed not to be ready and made the motion to withdraw a juror. Nothing was presented to the court to substantiate the bare statement that the defendant was not ready. It may sometimes happen that after a trial is entered upon something happens, or is brought to the attention of counsel, which makes the withdrawal of a juror and the postponement of the cause necessary; but the court has to be informed of the facts, and may require them to be submitted by affidavit, and no doubt should do so unless they are apparent. Here no fact whatever was submitted to the court, and it could not properly have withdrawn a juror.

It may be that counsel for defendant in making his motion had in mind his motion the day before on the call of the day calendar, and again that morning, to postpone the cause. But these motions were no part of the trial. On the contrary, they were "motions" made in the action before the trial, and before the cause was reached for trial. If instead of being tried in the part where the day calendar is called the cause had been sent for trial to one of the other

parts of court, the judge there presiding would not have been able to even conjecture what counsel had in mind to induce him to move for the withdrawal of a juror. Motions to put a cause off the term, or postpone, are heard on affidavits at the opening of the term, or on the call of the day calendar, and are no part of the trial. It would be a most pernicious and unjust thing if a party could wait till a jury is called, and then read affidavits of the absence of pretended witnesses, or move for a postponement on his own unverified statements, and thereby, aided by his remarks during the trial of pretended grievance over absent witnesses, poison the. minds of the jury, and work injustice against the other side. Each side is entitled to protection by the court against the injustice of such practices. I entertain no doubt that the very moderate verdict given to the plaintiff in this case would have been substantially larger, except for the statement repeated during the trial by counsel for the defendant as often as he adroitly could that he had not had opportunity to get witnesses, and asking for favor on that ground. No doubt the dishonesty and unfairness to the other side of such a course did not occur to the learned counsel for the defendant, else he could not have stooped to it.

And the denial of the motion made the day before and renewed on the day of the trial, at the call of the day calendar in the morning, to postpone the cause, could not be the subject of an exception at all. It was no part of the subsequent trial. It would be as reasonable to say that the denial of a motion on the minutes for a new trial is the subject of an exception. The decision of a motion can be reviewed only by an appeal from an order made thereon. Code Civ. Proc. § 767 et seq.; Matthews v. Meyberg, 63 N. Y. 656; Oil Works v. Brown, 7 Abb. Prac. (N. S.) 382. Only matters "which belong to and are properly a part of the trial" are subjects of exceptions. Code Civ. Proc. § 992; Starin v. People, 45 N. Y. 333. It is not easy to find specific authorities for a thing so obvious. Some observations not in harmony with the foregoing may be found, but they were obviously made without consideration.

It seems timely to also say something concerning the practice in respect of moving causes off, or postponing them, on the ground of the absence of witnesses. Such a motion has to be presented in Kings county by affidavits handed up at the morning call of the day calendar, there being a printed calendar rule to that effect; and they should be made the first day the cause appears on the day calendar. The principal affidavit presented in this case falls far short of what has to be shown. The affiant describes himself as "an assistant" in the office of the defendant's attorney. He gives the names and addresses of three alleged witnesses. He says that the names of these witnesses "were submitted to Mr. Fitch's office as eyewitnesses of the accident," Mr. Fitch being defendant's attorney. He does not say they were eyewitnesses, nor does he know it; nor does he say who submitted them to Mr. Fitch's "office." There is no affidavit of any one who got the names of the witnesses, or knows that they were witnesses of the accident, or that they said they were, or knows that they ever lived at the places given; nor is there any in-

formation as to when they moved, or where they went to, or whether they can be found. Such affidavits of an assistant in an attorney's office, or by the attorney himself, are obviously of no probative value whatever. If causes could be postponed on them, they would be handed up every day and great injustice would be done. The side ready to try a case has rights and is entitled to the court's favor and protection. This affidavit was endorsed by the court that "there was no proof that the witnesses knew anything." Instead of getting an affidavit of the officer or employee of the defendant who got the witnesses, and submitted their names to the "office" of the defendant's attorney, if any such thing had occurred, and who could account for them as genuine, and handing it up during the day, nothing was done, and only the same affidavit was repeated on Tuesday morning. The court had to infer from this that the defendant could not or else would not submit any affidavit accounting for the pretended witnesses, and for the second time denied the motion to postpone. It was also apparent that no preparation had been made for the trial before the cause actually came on the day calendar, although the progress of the calendar showed for many days before that the cause was about to be reached. The plaintiff had come from her home at Syracuse, N. Y., to try the cause, and was ready. It is quite inconceivable that the court could be expected to postpone the cause on such an affidavit.

In Rex v. D'Eon, 1 W. Bl. 510, Lord Mansfield said "three things are necessary to put off a trial. 1. That the witness is really material, and appears to the court so to be. 2. That the party who applies has been guilty of no neglect. 3. That the witness can be had at the time to which the trial is deferred." This is still the rule. It must be made to appear to the court that the alleged absent witness is really a material and necessary witness. The facts showing this must be stated so that the court can draw the conclusion. A mere pretence will not do. The old practice on a first application was to present an affidavit of the party, or of the one who knew the facts, giving the name and address of the witness, the reason why he was not subpœnaed or could not attend, and the facts showing due diligence to get him; and an affidavit by the party that the witness was material and necessary for him, and that without his testimony he could not safely proceed to trial, as he was advised by counsel and verily believed. This was sufficient, unless for reasons of suspicion, or otherwise, the court called upon the party to state by a special affidavit the facts which the witness knew and would testify to, so that it could see that the witness was material and necessary, and also so that the other party could admit such facts if he saw fit. But on a second application such special affidavit was necessary without the court calling for it. 2 Rum. Prac. p. 215 et seq.; Fake v. Edgerton, 6 Duer, 653; Brown v. Moran, 65 How. Prac. 349; Oil Works v. Brown, 7 Abb. Prac. (N. S.) 382; People v. Vermilyea, 7 Cow. 383; Brill v. Lord, 14 Johns. 341; Bush v. Weeks, 24 Hun, 545. The practice in Kings county is and has long been to require an affidavit showing that the absent person is in fact a witness, and also the facts he will testify to, even if the applica-

tion for a postponement be a first one. There is no distinction between a first and second application in this respect. But in this case no requirement under the former or the present practice was complied with.

The motion is denied.