WARTH v. MOORE BLIND STITCHER & OVERSEAMER CO.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

1. JUDGMENTS—DEFAULT—OPENING—GROUNDS—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 724, providing that the court may relieve a party from a judgment, etc., taken against him through his mistake, inadvertence, surprise, or excusable neglect, a motion to open a default occurring through causes other than those mentioned should be denied, especially if the default was taken at the Trial Term, and an intentional default should not be opened, unless upon the ground of betrayal, negligence, or incompetence of the party's attorney, in which case the conduct of the attorney will not always be taken as that of the client.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 281–284.]

2. CONTINUANCE—AFFIDAVITS—ABSENCE OF WITNESS—NATURE OF TESTIMONY.

An affidavit for a continuance, showing that a witness is absent, but not showing that he is a material or necessary witness, nor facts of which he has knowledge or to which he will testify, is insufficient, especially when it is irregular in not being submitted at the general call on the first day of the term, or when the cause came on the day calendar.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 132.]

3. SAME—DILIGENCE.

An affidavit for a continuance, showing that inquiry had been made for an absent witness at his place of business at various times, beginning October 22d, is insufficient on a motion made October 30th, after such a motion had been denied October 29th; the case having come on the day calendar October 28th, after both parties had answered "Ready," especially where an opposing affidavit showed that the witness was not found at his residence on October 31st.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 133.]

**4. SAME—MATERIALITY OF WITNESS.**

An affidavit for continuance on the ground of absence of a witness, which states that affiant is informed by defendant's attorney and believes that the witness named is material and necessary, is insufficient, for such mere general statements are valueless, even if positively made, since the facts must be given, so that the court may draw the conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 132.]

**5. SAME—OFFICER OF DEFENDANT CORPORATION SERVING AS JUROR.**

An affidavit for a continuance on the ground that affiant, the president of defendant corporation, is the sole and only witness for defendant personally familiar with the facts in issue, and that he is at present serving as a juryman at a trial in another county, which began on the day following that on which the case at bar came on the day calendar, is insufficient, and may be disregarded, since he might have been excused from the jury by stating his case.

**6. SAME—GROUNDS—ABSENCE OF WITNESS.**

To secure a continuance of a trial for absence of a witness, facts must be stated which make it appear to the court that the witness is material and necessary, that the party asking for postponement has not been negligent in seasonably locating and subpœnaing his witnesses or applying for a commission to examine them if they are nonresidents, and that the witness can be had at the time to which the trial is deferred; but a mere statement of a conclusion that the witness is material and necessary is of no force.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 132.]

**7. JUDGMENTS—DEFAULT—OPENING—AUTHORITY TO OPEN.**

Where the calendar rules of a judicial department require that all motions to postpone trials be heard by the trial judges on affidavits, and such has been the practice for over 10 years since the rules were adopted, a party who has intentionally suffered a default, after a trial judge had heard and overruled a motion to postpone on affidavits, cannot apply to another judge to open the so-called default, for to do so would be to permit an appeal from one judge to another.

**8. APPEAL—MODE OF REVIEW—REFUSAL OF CONTINUANCE—MOTION TO OPEN DEFAULT.**

Where a motion to continue the trial, supported by affidavits, is overruled, the proper remedy is by appeal from the order of the trial judge to the Appellate Division, and not by suffering default and applying to another judge to reopen the case after judgment.

Appeal from Special Term, Kings County.

Action by Apollonia Warth against the Moore Blind Stitcher & Overseamer Company. From an order denying a motion to open a default, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

William C. Rosenberg, for appellant.

Augustus J. Koehler, for respondent.

GAYNOR, J.   Section 724 of the Code of Civil Procedure does not by any means permit or sanction the indiscriminate opening of defaults. It only provides that the court may in its discretion relieve a party from a judgment, order, or other proceeding, taken against him "through his mistake, inadvertence, surprise, or excusable neglect." If his default be not of this character a motion to

open it should be denied. This applies in a special degree to defaults taken at the Trial Term. The diligent party who gets ready to try his cause has rights and is entitled to the court's favor and protection, instead of being worn out by delays. An intentional default is not to be opened, unless it was suffered through the betrayal, negligence or incompetence of the party's attorney, and the motion to open it is made upon that ground, in which case the conduct of the attorney will not always be taken as that of the client, as is ordinarily done. Gideon v. Dwyer, 17 Misc. Rep. 233, 40 N. Y. Supp. 1053.

This cause was on the Richmond Trial Term calendar for October, 1907. The calendar practice is established in this judicial department by a system of rules printed on every general calendar. In Richmond this general calendar is called through on the first day of the term for the purposes of inquests and motions to postpone, and to discover the causes to be tried. On such call this defendant and the plaintiff answered ready, and the court marked the cause ready, which meant that it would come upon the day calendar for trial when reached in numerical order. It came upon the day calendar on October 28th. The said printed rules require that all applications for postponement shall be heard upon affidavits, and that they shall be disregarded unless presented by affidavits, except engagements of counsel, which may be handed up in writing, specifying the engagement with particularity, and signed by the attorney or counsel without being sworn to. No affidavit or writing was presented on October 28th by the defendant, and the cause was marked ready, as it had to be under the rules. The plaintiff was ready, having brought witnesses from a long distance at considerable expense. The next day an affidavit by the defendant's attorney was submitted on a motion by him to postpone, the cause not having been reached for trial the day before. This was irregular, as it should have been submitted on the general call on the first day of the term, if the excuse existed then, or, if not, then on the first day the cause came on the day calendar; but the court entertained the motion and denied it. It could not have done otherwise, for the affidavit was insufficient. It stated that one Moore was in Toronto, Canada, but did not show that he was a material or necessary witness. It did not state that he knew any fact that had to be proved, or anything that he would testify to. The next day (viz., October 30th) two other affidavits were submitted. This was still more irregular, for the affidavits were not of anything that had intervened since the motion was heard and denied. One was by Max Levy. He does not disclose who he is, or what he has to do with the case, but says that one Smith "is a mechanical engineer, and as such was employed by the defendant to investigate and examine each of the various attachments alleged to have been manufactured by the plaintiff." What relevant fact he knows of, or will testify about, is not stated. But the affidavit says that the affiant has made inquiry at the said Smith's place of business at 180 Duane street, Manhattan, at various times beginning October 22, 1907, but is unable to ascertain his whereabouts. And yet this

affidavit was not submitted to the court on the 28th nor on the 29th. He further says that he is informed by the defendant's attorney and believes that Smith is a material and necessary witness. Mere general statements that a witness is material and necessary are of no value even if positively made. The facts must be given so that the court may draw the conclusion. The said other affidavit was by Schlesinger, president of the defendant. He says that "he is the sole and only witness for the defendant who is personally familiar with the facts in issue in this action," and that he is at present serving as a juryman in a trial in New York county which began on October 29th. Knowing that the case of his company, in which he is the sole witness who is familiar with the facts, as he says, is on the day calendar for trial, he allows himself to be empaneled as a juror, when we all know that he had only to state his case in order to get excused. The court was entirely justified in disregarding his affidavit. It was an imposition on the court and on the other side. The court denied the motion to put the case off, whereupon the attorney for the defendant stated that an inquest would have to be taken and left the court room and abandoned his cause. From the opposing affidavit on the motion to open this so-called default it appears that the counsel for the plaintiff offered to postpone the trial if the defendant would give security for any judgment that might be recovered, and that the court acquiesced in this but the defendant refused; also that the defendant was insolvent; also that the said alleged witness Smith was not absent at all, but was found at his residence in Manhattan. On the next day—October 31st—the cause was reached for trial and an inquest taken, no one appearing for the defendant. An execution against the defendant was returned unsatisfied, whereupon the plaintiff began an action against the defendant for sequestration of its property, and with a view of sueing its directors to get a personal judgment against them. It was only after all this, and not until November 14, 1907, that the defendant obtained the order to show cause to open the so-called default.

As Lord Mansfield tersely said in The King v. D'Eon, 1 Bl. R. 510:

"Three things are necessary to put off a trial: 1. That the witness is really material, and appears to the court to be so. 2. That the party who applies has been guilty of no neglect. 3. That the witness can be had at the time to which the trial is deferred."

This is still the rule. Facts must be stated which make it appear to the court that the alleged absent witness is a material and necessary witness. A mere statement of a conclusion to that effect is of no force. It is for the court to draw the conclusion from the facts stated. And it must appear that the party asking for a postponement is not guilty of neglect, i. e., that he did the work of locating his witnesses seasonably, instead of leaving it until the cause is about to be reached for trial, and also seasonably subpœnaed them, or in the case of non-resident witnesses, applied for a commission to examine them. Wilkins v. Beadleston & Woerz, 33

Misc. Rep. 489, 67 N. Y. Supp. 683, affirmed 60 App. Div. 632, 70 N. Y. Supp. 1151.

But in addition to the merits, the motion to open the default was properly denied on another ground. As is stated in the foregoing, the calendar rules in this judicial department require that all motions to postpone trials be heard by the trial judges on affidavits, and this has been the practice ever since the said rules were adopted ten or more years ago. The purpose of the said rules was to do away with the abuse, and the wrong to diligent attorneys and litigants, of parties intentionally suffering defaults and then having them opened practically as of course on motion before a judge other than the trial judge. It is entirely obvious that when under the new system a trial judge has heard a motion to postpone on affidavits, to permit the party who made the motion to willfully suffer a default when his motion is denied, and then apply to another judge on motion to open the so-called default, would be appealing from one judge to another, and that is not permissible. His remedy is to appeal from the order of the trial judge to the Appellate Division. Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937. We therefore adopt the opinion of the judge below, which is as follows in full:

"When this case was reached for trial on the October calendar of the Richmond county Trial Term, application was made by the defendant to the learned justice there presiding, to postpone the trial. Affidavits were submitted in support of the application, and the trial justice denied the motion to postpone, and thereupon the plaintiff took an inquest and entered judgment thereon. The defendant now applies to this court at Special Term to open the default and set aside the judgment. This application is based upon the same affidavits which were submitted to the trial justice, and two additional affidavits. Neither of the latter contain a statement of any facts excusing defendant's default, but only give a detailed statement of defendant's unsuccessful effort to obtain an adjournment from the trial justice. To entertain this application would be equivalent to sitting in review of his decision. This I have no power to do. I think that the correct practice is, to enter an order upon the decision of the trial justice refusing to postpone the case, and then appeal from such order."

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur; RICH, J., in result.