## McKOWN v. OPPENHEIMER.

(Supreme Court, Appellate Term.   June 30, 1908.)

1. COURTS—MUNICIPAL COURT—REVIEW OF PROCEEDINGS—ORDERS APPEALABLE.
   The only orders of the Municipal Court which are appealable being those enumerated in Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253–257, there is no appeal from an order of that court staying proceedings in an action until plaintiff pays a judgment for costs entered against him in a prior action in favor of defendant.

2. SAME—PROCEDURE—STAY OF PROCEEDINGS—NONPAYMENT OF COSTS.
   The Municipal Court has no inherent power to stay proceedings in an action for nonpayment of costs.

3. SAME.
   Under Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1, subd. 15, authorizing the court to grant a stay of proceedings within the limitations of the act, not exceeding five days, and section 20 (page 1496), providing that the Code of Civil Procedure shall apply to the Municipal Court as far as applicable, the Municipal Court has no power to stay proceedings in an action until plaintiff pays a judgment for costs entered against him in a prior action in favor of defendant.

4. MANDAMUS—VACATING ORDER STAYING PROCEEDINGS.
   Mandamus will lie to compel the Municipal Court of the city of New York to vacate an order staying proceedings in an action until plaintiff pays a judgment for costs entered against him in a prior action in favor of defendant, and to compel the court to set the case down for hearing.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by David McKown against Leopold Oppenheimer. From an order of the Municipal Court staying proceedings in an action, plaintiff appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

J. Wilson Bryant, for appellant.
Huth & Baker, for respondent.

GILDERSLEEVE, P. J. The plaintiff appeals from an order made in the Municipal Court staying all proceedings in said court on the part of the plaintiff until payment of a judgment for costs entered against him in a prior action in the Municipal Court in favor of the defendant. This order is not an appealable one. "Under the present law the only orders appealable are those enumerated in sections 253, 254, 255, 256, and 257 of the Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580)." Leavitt v. Katzoff, 43 Misc. Rep. 26, 86 N. Y. Supp. 495; Maas v. Nankeville, 49 Misc. Rep. 637, 97 N. Y. Supp. 980; Bonagur v. Orlandi, 51 Misc. Rep. 663, 101 N. Y. Supp. 115.

For the future guidance of the lower court in such cases we may say, however, that the power to grant such a stay is not vested in the Municipal Court. A Municipal Court has no inherent power to stay proceedings for nonpayment of costs, and the respondent herein admits that there is no section in the Code of Civil Procedure which confers upon a court of record the power to stay proceedings in a second action for failure to pay the costs imposed in a former action. The decision in Flewelling v. Brandon, 4 Daly (N. Y.) 333, and Lewis v.

Davis, 8 Daly (N. Y.) 185, were rendered prior to the passage of the present Municipal Court act. At that time there was no express statutory limitation upon the District Courts as to granting stays, and the Court of Common Pleas in 4 Daly, 333, held that, as the statute regarding District Courts provided that the rules and regulations of the Supreme Court, so far as the same can be made applicable, should apply to the District Courts, therefore a stay under the circumstances could be granted. A similar provision is contained in section 20 of the Municipal Court act, but the power regarding stays which is given the Municipal Court is now expressly set forth in section 1, subd. 15, which provides that the Municipal Court may grant or vacate a stay of execution "or of proceedings within the limitations of this act; but no such stay shall exceed five days." So that whatever power the District Courts had regarding stays is not now given the Municipal Court, but its powers are bounded by the "limitations of this act" and all stays are limited in point of time to five days.

It is clear, therefore, that the Legislature invested the Municipal Court with no other power regarding stays than that which is expressly given in the act itself, and we know of no provision in the act that gives authority for a stay under the facts shown in this case. The Municipal Court has been called the "poor man's court," and the Legislature evidently had that in mind, as there seems to be 'no good reason why a plaintiff should be deprived of collecting a just claim from his debtor, because of his inability to pay the costs of a former action which, possibly, was dismissed through no fault of his, especially as his adversary can offset the amount of such costs against the plaintiff's claim. An application should be made to the lower court to vacate the order and to have the case set down for hearing, which undoubtedly would be granted; otherwise, mandamus would lie.

Appeal dismissed, without costs. All concur.