### GOLDMAN v. SHIFFER.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—POWER TO OPEN.
    The absolute power to open a default judgment, vested in the Municipal Court or a justice thereof by Municipal Court Act (Laws 1902, p. 1562, c. 580) § 253, is not limited by the fact that the motion to open a default comes on for hearing before a justice of the court other than the one presiding when the default was taken.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*) — MUNICIPAL COURTS — DEFAULT JUDGMENT — OPENING — GROUNDS—SUFFICIENCY.
    A justice of the Municipal Court denied further continuance, asked for on the ground that the attorney for defendant had been subpoenaed as a witness in another court, and entered default judgment. On the same day the attorney for defendant presented affidavits showing all the facts and an affidavit of merits to the justice, who ordered plaintiff to show cause before himself or one of the justices at a stated term why the default should not be opened. Held, that another justice holding court at the stated term improperly denied the motion on the grounds that defendant was limited to the remedy of appeal from the order denying the motion for adjournment and that the Municipal Court was without power to grant the relief.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Jacob Goldman against Harry Shiffer. From a default judgment for plaintiff, and from an order denying a motion to open the default and set aside the judgment, defendant appeals. Reversed, and judgment set aside.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Rolland Read Rasquin, for appellant.
Isaac Siegel, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. RICH, J.  It appears that the action was at issue and on the trial calendar of the Municipal Court on Friday, March 13, 1908, on which day defendant's attorney had been subpœnaed to appear at the Special Term of the Supreme Court and testify as a witness in an action on the calendar of that court for trial on that day.  On account of this engagement the Municipal Court justice adjourned the trial to Monday, March 16th.  The trial of the action in which the attorney was subpœnaed was commenced on the afternoon of the 13th, but not finished, and the attorney was not called to the witness stand that day. Court adjourned Friday to the following Monday at 10 o'clock a. m., and the attorney was subpœnaed to attend at that time.  At the opening of the Municipal Court on Monday the attorney presented his affidavit, stating these facts, and asked for a further adjournment, which was denied; the trial justice stating that the defendant had been granted an adjournment on that ground Friday, and was not entitled to another.  The attorney then went to the Special Term, and was called, sworn, and testified as a witness for the plaintiff at about 11 a. m. Judgment was entered in this action in Municipal Court by default, in favor of the plaintiff.  On learning this fact, and on the same day the judgment was entered, the attorney presented affidavits showing all of the facts and an affidavit of merits to the same justice who was presiding when the judgment was entered, and the justice made an order requiring the plaintiff to show cause before himself or one of the justices of the court at a stated term, to be held on March 20th, why the default should not be opened and the judgment entered vacated and set aside.  On March 20th the court was held by another justice, who seems from his memoranda to have reached the conclusion that the defendant had presented a legal excuse upon his application for an adjournment of the trial, but denied the motion upon the ground that the defendant was limited to the remedy of appealing from the order of the justice denying his motion for adjournment, and that the Municipal Court was without power to grant the relief sought, under the authority of Warth v. Moore Blind Stitcher & Overseamer Co., 125 App. Div. 211, 109 N. Y. Supp. 116.

Section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580) vests in that court, or a justice thereof, absolute power to open a default upon such terms and conditions as the court may deem proper, and this power is not limited by the fact that the motion comes on for hearing before a justice of the court other than the one presiding when the default was taken.  In the case cited, upon which the learned justice in the court below relied, relief was sought under the provisions of section 724 of the Code of Civil Procedure, and was disposed of upon grounds not applicable to the appeal under consideration.  While the learned justice who wrote the opinion in Warth v. Moore Blind Stitcher & Overseamer Co. condemned the practice of applying to the Special Term to open a default after application to the trial court on affidavits for an adjournment had been denied, as being an appeal from one judge to another, and not permissible, this case does not fall within the principle, as the order to show cause was granted by the justice before whom the default was taken, upon additional affidavits not used on the motion for the adjournment, and

presented additional facts entitling the defendant to the relief sought.

The order appealed from must be reversed, the judgment vacated and set aside, and a new trial ordered, without costs to either party.

WOODWARD, JENKS and HOOKER, JJ., concur. GAYNOR, J., concurs in result.