either before or after he found some one who might develop into a purchaser. If such is his right, he has been guilty of no breach of his duty or fidelity to the owner, and, even without giving notice to the owner, nothing stood in the way of his making a contract with the defendant to terminate his efforts to earn commission from the owner.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

### GOLDMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—STAY—NONPAYMENT OF COSTS.
   The Municipal Court could not stay proceedings until payment of costs in a former action between the same parties for the same cause.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—JUDGMENTS APPEALABLE—DEFAULT JUDGMENT.
   No appeal lies from a default judgment of the Municipal Court.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—VACATION.
   Motion to open a default and vacate an inquest taken thereupon was properly denied, where when the calendar was called plaintiff answered "ready," and defendant's motion for a stay for nonpayment of costs of a former action was denied, and the case was sent for trial to another division of the court, where an inquest was taken and judgment entered.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court of New York.

Action by Louis Goldman against the Brooklyn Heights Railroad Company. From an order refusing to open its default and the inquest taken thereupon, and to vacate the judgment entered thereon, and from such judgment, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Francis R. Stoddard, Jr., for appellant.
Gilbert Ray Hawes, for respondent.

RICH, J. When the case was called for issue on November 7, 1907, defendant's attorney filed an affidavit alleging nonpayment of the costs of a former action between the parties for the same cause, in which the complaint was dismissed, and asked that further proceedings be stayed until the payment of such costs. Counsel differ as to whether the court granted or denied this motion, but it is conceded that no order was entered or signed making any disposition of it. On April 13, 1908, the action was reached for trial before another justice. Upon the call of the calendar the plaintiff answered "Ready," and counsel for the defendant, as the return shows—

"moved for a stay on the ground of failure on the part of plaintiff or his counsel to pay costs of former action. Plaintiff's counsel states in open court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that such motion was made at a prior time before another justice, and said motion was denied."

Defendant's motion was denied, and the case sent for trial to the justice presiding in Part 2 of said court, where an inquest was taken and the judgment appealed from accordingly entered.

There was no power in the Municipal Court to stay the proceedings in this action until the payment of the costs of the former action (McKown v. Oppenheimer [Sup.] 111 N. Y. Supp. 609), and an appeal does not lie from the judgment (Schwartz v. Mutual Alliance Trust Co. [Sup.] 111 N. Y. Supp. 610). We are of the opinion that the motion to open the default and vacate the inquest was properly denied. Warth v. Moore Blind Stitcher & Overseamer Co. (Sup.) 109 N. Y. Sup. 116.

The contention that the action is for an assault and battery, of which the Municipal Court had no jurisdiction, is without merit. Hines v. Dry Dock, etc., R. R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170.

The judgment and order must be affirmed, with costs. All concur.