### GOLDSTEIN v. ROSENTHAL et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—DEFAULT—JUDGMENTS—APPEAL.
    A Municipal Court judgment taken by default is not appealable.
    [Ed. Note.—For other cases, see Courts Dec. Dig. § 190.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—STAY—EXTENT.
    Under Municipal Court act (Laws 1902, p. 1486, c. 580), limiting stays to five days, a stay granted for a longer time was properly disregarded.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—VACATION.
    Where defendants relied on an invalid stay, and therefore were unprepared to proceed to trial when their default was taken, the default should be opened on terms to be fixed as prescribed by Municipal Court Act, § 326 (Laws 1902, p. 1583, c. 580).
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph D. Goldstein against Elias Rosenthal and another. From a judgment for plaintiff, and from an order denying defendants' motion to open their default, they appeal. Appeal from judgment dismissed, and order modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Max Brown, in pro. per.

Strasbourger, Eschwege & Schallek, for respondent.

GILDERSLEEVE, P. J.　This is an appeal by the defendant Max Brown from a judgment taken against him by default, and from an order denying a motion to open his default.　The judgment taken by default is not appealable, and the appeal therefrom must be dismissed.　The summons in the action was returnable on the 11th day of June, 1908, and the case was then adjourned until June 18th.　On that day the case was again adjourned until June 26th and peremptorily set down for trial on that day as against the defendant.　On June 25th the appellant herein obtained an order returnable on July 2, 1908, directing the plaintiff to show cause why a copy of the lease, the basis of this suit, should not be furnished the defendant Brown, and such order contained a stay, pending the hearing of the motion and upon determination of the motion for three days after the entry of an order and service of a copy thereof.　When the action was called for trial on June 26th, the appellant sought an adjournment upon the ground that the stay in the order to show cause was in force.　The trial judge thereupon vacated the aforesaid stay order, and the plaintiff took a judgment by inquest.

On June 30th the appellant obtained an order requiring the plaintiff to show cause why his default should not be opened.　This order was denied.　The motion to open the default was based upon an affidavit alleging an engagement of the appellant, who is an attorney of this court, in a reference in the United States District Court, and also urging that the court erred in vacating the order granting a stay pending the hearing of the appellant's motion requiring the plaintiff to furnish the appellant with a copy of the lease.　The Municipal Court act permits stays, which are limited in point of time to five days only (McKown v. Oppenheimer, 60 Misc. Rep. 98, 111 N. Y. Supp. 609), and an order granting a stay for more than five days is without force. The trial judge very properly disregarded the order granting a stay fom June 25th to July 2d and then for three days thereafter, and the taking of the inquest was within the power of the court.　The appellant, however, evidently relied upon the sufficiency of the order and was unprepared to proceed with the trial.　While an examination of the pleadings and the affidavits used upon the motion to open the appellant's default does not favorably impress us with the merits of his defense, we are of the opinion that the ends of justice would be best subserved by granting him his day in court.

The appeal from the judgment is dismissed, with $10 costs.　The order denying the motion to open the default is modified by permitting such default to be opened upon terms to be fixed by the lower court within the provisions of section 326 of the Municipal Court act (Laws 1902, p. 1583, c. 580) without costs of this appeal to either party.　All concur.　.