### NAHE v. BAUER et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. APPEAL AND ERROR (§ 671*)—REMEDY AT SPECIAL TERM.

The Appellate Division cannot go outside the record on appeal, so that, defendant's motion for reargument of his appeal from refusal of postponement by the trial judge being made on affidavits disclosing that default occurred through negligence or misconduct of his attorneys, no relief

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therefrom can be there had, but it should be sought by motion to the Special Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2867; Dec. Dig. § 671.*]

2. JUDGMENT (§ 143*)—DEFAULT—RELIEF.

The Special Term can open a default caused by neglect or misconduct of counsel.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 281; Dec. Dig. § 143.*]

On motion for reargument. Denied.

For former report, see 117 N. Y. Supp. 355.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

GAYNOR, J. The motion for a reargument has to be denied. No grounds therefor are assigned. The motion is made on affidavits which disclose that the default occurred through the negligence or misconduct of the attorneys for the defendants, or rather of their managing clerk, and an appeal is made to us to give relief therefrom. We possess no such function. We cannot go outside of the record on appeal. There is no doubt of the power of the Special Term to open a default caused by the misconduct of the attorney of a party, and as this case seems to be one for relief on that ground, we suggest that the proper motion therefor be made to the Special Term at once, so that the case may be tried before the summer vacation. It should have been made instead of appealing from the order of the trial judge refusing to postpone the cause, for his action was entirely warranted, and necessary if false excuses and subterfuges to postpone the trial of causes are to be done away with. It is now asserted that the counsel on whose alleged engagement the postponement was asked for is not the counsel who was in fact going to try the case, and moreover that there was a disinclination to try the case before the particular judge presiding at the time. The suggestion of counsel that our decisions preclude the making of a motion to the Special Term for relief from a default occurring through wrongful neglect or misconduct of a party's attorney finds no support in anything we have ever said or decided. We have decided the very contrary. Warth v. Moore Blind Stitcher, etc., Co., 125 App. Div. 211, 109 N. Y. Supp. 116; Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937. Where there is no such neglect or misconduct, and the motion to postpone is heard on affidavits by the trial judge, as the calendar rules in this judicial department require, the case is very different. To allow his ruling on the facts and merits to be set aside by a judge at Special Term would be allowing an appeal from one judge to another.

The motion for a reargument is denied, as the relief sought should be by a motion made to the Special Term. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.