WEINER et al. v. YALE KNITTING MILLS.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. COURTS (§ 190*)—MUNICIPAL COURT—APPEAL—DECISIONS REVIEWABLE.
   Since by Municipal Court Act (Laws 1902, c. 580) § 145, the court, on ruling on a demurrer, must, if the demurrer is overruled, grant leave to plead, or, if it is sustained, grant leave to amend, an appeal does not lie from a judgment overruling a demurrer to the complaint.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

2. COURTS (§ 190*)—MUNICIPAL COURT—APPEAL—DISMISSAL.
   .Where defendant's demurrer to the complaint filed in a Municipal Court was overruled, and defendant appealed from the order, without pleading over, the appeal must be dismissed, since there is no provision in the Municipal Court act for an appeal from an interlocutory judgment on demurrer, and the appeal is, in effect, one from a default judgment.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

3. COURTS (§ 190*)—MUNICIPAL COURT—RULING ON DEMURRER—APPEAL.
   Where defendant's demurrer to a complaint in the Municipal Court was overruled, and he declined to plead, and an inquest was taken by the court, defendant's remedy was under Municipal Court Act (Laws 1902, c. 580) § 253, providing that, where a default is taken, the court may, upon motion, open such default and set the action down for pleading or trial, and section 257, providing that an appeal shall lie from an order granting or denying a motion as provided in section 253, as from a judgment,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except that no appeal shall lie in the first instance from an order opening. a default and vacating a judgment entered thereon.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

4. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING.

While Municipal Court Act (Laws 1902, c. 580) § 145, permits an oral or a written complaint, section 149 requires that the complaint must state in a plain and direct manner the facts constituting the cause of action, and hence an oral complaint for "goods sold and delivered" was insufficient to state a cause of action according to the requirements of section 149.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

5. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—DEMURRER.

Under Municipal Court Act (Laws 1902, c. 580) § 145, specifying a demurrer as among the pleadings that may be written or oral, section 158 permitting in express terms a demurrer to the complaint, and section 145, subd. 2, requiring a written demurrer when the complaint is written, a demurrer lies to an oral complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Morris Weiner and others, partners as the Hamburg Knitting Mills, against the Yale Knitting Mills. From a judgment for plaintiffs, defendant appeals. Appeal dismissed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Joseph P. Friedman, for appellant.

Isaac Miller, for respondents.

JENKS, J. The defendant states in his notice of appeal from the judgment that he will bring up for review "a certain interlocutory judgment filed herein, * * * styled * * * a 'decision.'" There is no provision in the Municipal Court for an interlocutory judgment on demurrer. Where a demurrer is interposed and disallowed the court must grant leave to plead, or if the court deems it well founded it must permit the pleading to be amended, and if the party fail so to amend the defective pleading must be disregarded. Section 145 of the Municipal Court act (Laws 1902, c. 580). The ruling of the court upon the demurrer may be considered on an appeal from the judgment. The difficulty in the way of the appellant in this case is that when his demurrer was disallowed he did not plead over, and therefore the court took an inquest, so that this appeal does not lie, because it is from a default judgment. Goldman v. Brooklyn Heights R. R. Co., 129 App. Div. 657, 114 N. Y. Supp. 182. I think that the remedy of this appellant is found in section 253 of the Municipal Court act, for an appeal lies from an order made or denied thereunder, save that no appeal lies in the first instance from an order opening a default and vacating a judgment entered thereon. Section 257.

I think that the complaint did not state facts sufficient to constitute a cause of action. The return shows that the pleadings were oral, and that the plaintiff complained of the defendant as follows: "Goods sold and delivered." While the Municipal Court act permits an oral or a

written complaint (section 145), the requirement of section 149 is in terms applicable to either kind of pleading. That section requires that the complaint must state in a plain and direct manner the facts constituting the cause of action. A., complaining of B. thus, "Goods sold and delivered," manifestly does not state the facts constituting his cause of action. The mere fact that A. has sold and delivered goods to B. does not afford A. a right of action against B. The cause of action arises when B. has not performed on his part—when there is a breach of the contract by him. Tracy v. Tracy, 59 Hun, at page 6, 12 N. Y. Supp. 665. There must have been some wrong on the part of B.—some refusal or neglect of his obligation in the premises to A. "A party must recover, not only by his proof, but upon his allegations. The facts stated must constitute a cause of action, and they must be in evidence. It is not enough that they stand upon proof, unless that proof is preceded by statement." Clark v. Post, 113 N. Y., at page 27, 20 N. E. 576. "Every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated." Allen v. Patterson, 7 N. Y., at page 478, 57 Am. Dec. 542. There can be no question that a demurrer may be pleaded to an oral complaint; for section 145 specifies demurrer as among the pleadings that may be written or oral. Section 158 permits in express terms a demurrer to the complaint, and subdivision 2 of section 145 requires a written demurrer when the complaint is written, thus in effect recognizing that a demurrer lies to an oral complaint.

The appeal is dismissed, with costs. All concur, except that RICH, J., votes that the dismissal be without costs.