HAMILTON v. MARINE JOURNAL. CO.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—PLEADING INSUFFICIENT COMPLAINT.
  A return on appeal from the Municipal Court which fails to state the substance of plaintiff's complaint as required by Municipal Court Act (Laws 1902, c. 580) § 145, or to state the facts constituting his cause of action as required by section 149, but simply says, "Complaint action on contract," is insufficient.
  [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. MASTER AND SERVANT (§ 70*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—COMPENSATION—SUBSCRIPTION CONTRACT.
  A written contract of employment on a commission basis, with a minimum weekly guaranty, construed, and *held*, that there was nothing due the employé thereunder.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.
Action by William Pinkney Hamilton against the Marine Journal Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Warren Bigelow, for appellant.
William Pinkney Hamilton, Jr., for respondent.

BURR, J. The pleadings in this case were oral. The return fails to show either the substance of plaintiff's complaint as required by Municipal Court Act (Laws 1902, c. 580) § 145, or the facts constituting his cause of action (see section 149). It simply says, "Complaint action on contract." This is insufficient. Weiner v. Yale Knitting Mills, 138 App. Div. 533, 123 N. Y. Supp. 327. From a bill of particulars filed by plaintiff and subsequently amended, it appears that a written contract of employment was entered into between plaintiff and defendant on March 10, 1902; that with a single modification as to the amount which plaintiff might draw weekly this contract was extended to March, 1909; that on March 17th of that year a new contract of employment, also in writing, was entered into; and that on March 17, 1910, defendant rendered plaintiff an account of transactions under said contract, which showed, as plaintiff claimed, that there was due to him $124.60, for which sum this action is brought. From a judgment in plaintiff's favor, defendant appeals.

There is a conflict of evidence whether the written contract of March 17, 1910, was the result of an entirely new arrangement between the parties, and must be relied upon as the sole basis for plaintiff's recovery, or whether it was simply a modification and extension of the previously existing contracts. It seems to us of little consequence, since, according to our interpretation of such contracts, plaintiff cannot recover in either event. Eliminating immaterial portions thereof, the agreement of March 10, 1902, was as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Referring to our interview of this morning, I am ready to make a contract with you for one year, on the following basis, viz.:

"Twenty-five per cent. commission upon all advertisements procured by me and accepted by you, commissions to become due when advertising is paid for, and thirty-three and one-third per cent. commission upon all subscriptions, which I may obtain for the Marine Journal.

"You to pay me thirty dollars each week on account of said commissions and render me quarterly statements and pay me in cash whatever excess of commissions may be to my credit; but if said commissions do not amount to thirty dollars each week, the thirty dollars on drawing account will stand as a guaranty to me.

"I to devote my whole time within business hours to your interest; you, in return, to protect me as your sole outside business representative, and to hand over to me for renewal, during the period of this agreement, such advertisements as you think will need my attention, except such advertisements as Captain Norton desires to attend to in person and upon which latter I shall not be entitled to any commission. * * *

"Either side to have the right to annul this contract upon a written notice of thirty days."

The agreement of March 10, 1909, was identical with a former agreement, except that after the words, "I to devote my whole time within business hours to your interest," appear the additional words, "collecting all money and news I can for you," and except that the third paragraph thereof read as follows:

"You to pay me forty dollars each week on account of said commissions and render me at the end of the year a statement and pay me in cash whatever excess of commissions may be to my credit; but if said commissions do not amount to forty dollars each week, the forty dollars on drawing account will stand as a guaranty to me."

We think that the clear interpretation of these agreements was that the basis of plaintiff's compensation was commissions upon advertising and subscriptions obtained by him during the life of the agreement. The amount of the commissions upon advertising was to be determined when such advertising was paid for, and the account therefor was to be finally closed when all of such payments were made, or it appeared that the accounts were uncollectible. The provision in the original agreement for quarterly statements, and in the latter agreement for statements at the end of the year, was intended to fix a period at which all business completed up to that time should be agreed upon and settled for. To insure plaintiff compensation, however, in a minimum fixed amount, he was to have the privilege of drawing on account of the sum which might ultimately become due, in the first instance $30 and afterward $40 per week. If the credits arising from his commissions when finally determined exceeded the debits arising from his drafts, the excess was to be paid to him. If the credits were less than the debits, the loss was to fall upon the defendant, and plaintiff was not obliged to make good his overdrafts. Applying this interpretation to the undisputed facts, if the contract for the year commencing May 10, 1909, is to be treated as an isolated and independent contract, the credits to which plaintiff would become entitled for commissions upon advertising and subscriptions procured after the date thereof, if they should all be paid for, is $2,021.40. The amount of his debits arising from sums paid on his drawing account during the same period is $2,080. If the contract be treated as an entire one from

its inception, the entire amount of his credits similarly determined is $12,322.88. The entire amount of his debits is $14,560. In neither case is anything due to the plaintiff.

The judgment of the Municipal Court should be reversed, and a new trial ordered, costs to abide the event. All concur.