GEORGE FLEWELLING *v.* WILLIAM C. BRANDON.

By the district court act, as amended in 1862 (L. 1862, ch. 484, § 8), which provides that the rules and regulations of the Supreme Court shall apply to the District Courts as far as they can be made applicable, a subsequent action cannot be brought in a District Court while the costs, due in a prior action for the same subject-matter, which action has been discontinued with costs, remain unpaid.

APPEAL by plaintiff from a judgment of a District Court. The facts are stated in the opinion.

BY THE COURT.*—LARREMORE, J.—It is admitted by the record that on the day this action was commenced, a previous action for the same subject-matter was discontinued with costs, which have not been paid.

---

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

It was insisted on the argument that the present action was prematurely brought, on the ground that the costs of the former action not having been paid, said action was still pending. Such an objection has been held to be valid, as applied to suits in courts of record (*Averill* v. *Patterson*, 10 N. Y. 500, and cases there cited), but would not be sustained in a court of a justice of the peace (*Youle* v. *Brotherton*, 10 Johns. 363).

If the District Courts of the city of New York are of no higher authority and jurisdiction than a court of a justice of the peace, then the plea of a former suit pending was properly overruled by the court below.

The act in relation to said District Courts passed April 13, 1857 (Laws of 1857, ch. 344, § 45), provides for a dismissal of an action, with costs, and without prejudice, where the plaintiff " voluntarily discontinues the same before it is finally submitted."

If there had been no further legislation on the subject, the plaintiff's right to bring this action could scarcely be questioned.

By the 3d section of " An act in relation to the courts in the city and county of New York," passed April 24, 1862 (Laws of 1862, ch. 484, § 3), it is provided that " the rules and regulations of the Supreme Court of this State shall apply to said District Courts, as far as the same can be made applicable." And by the 16th section of said act, any justice of said courts may open defaults and impose costs as a condition thereof. It is evident, then, that said courts, to the extent of their jurisdiction, should be governed by the rules of practice of the Supreme Court of the State, and as the objection raised would have been valid in the latter court, I see no reason why, in view of the 3d section of said act of 1862, it may not be successfully urged in the present case. An opposite theory would serve to invite litigation by irresponsible parties, without furnishing any adequate protection to a defendant.

I am of opinion that this action was prematurely brought, and that the judgment therein should be reversed.

With this view it is unnecessary to consider the second branch of the appeal.

Judgment reversed.