JOHN B. LEWIS, Respondent, *against* WILLIAM H. DAVIS, Appellant.

(Decided December 2d, 1878.)

A person permanently employed and regularly in attendance as a clerk in a store in the city of New York is to be considered as having a "place of business" in that city, within the meaning of L. 1862, c. 484, § 23, and may be sued in the District Courts by long summons.

Where, in an action in a District Court of the city of New York, the costs of the dismissal of a previous action for the same cause, between the same parties, are paid by the plaintiff upon the return day of the summons, the defendant is not entitled to have the plaintiff's proceedings stayed, or his complaint dismissed by reason of the non-payment of such costs, before beginning the second action.

The dismissal of a complaint for a defect of proof arising from the absence of a subscribing witness to a writing, the execution of which is in issue, is not a judgment upon the merits, and is no bar to a subsequent action.

APPEAL by the defendant from a judgment in favor of plaintiff, rendered in the District Court of the city of New York for the Third Judicial District.

The action was commenced by long summons. Upon the return day the defendant, before pleading, objected to plaintiff's proceeding on the ground,— .

First, that certain costs of dismissal imposed upon plaintiff in a previous action in the same court, between the same parties, and for the same cause of action, had not been paid; and,

Second, that the defendant resided in another county, and had no place of business in New York City, but had only a place of employment therein.

An affidavit as to residence and employment was filed by the defendant, and the costs of the previous action were paid by the plaintiff. Both objections were then overruled, and at the time of trial the defendant moved on the same grounds to dismiss the proceeding. The motion was denied,

and judgment rendered for the plaintiff on the merits.    The other facts necessary to an understanding of the decision here appear in the opinion.

*James Knox*, for appellant.

*W. C. Carpenter*, for respondent.

CHARLES P. DALY, Chief Justice.—The provision in the act of 1862 (L. 1862, c. 484, p. 976, § 23) that no person who shall have a place of business in the city of New York shall be deemed a non-resident under the provisions of the act, must, in its connection with the section that non-residents are to be sued by a short summons, be interpreted with reference to the object which the law had in requiring residents to be sued by a long summons, and non-residents by a short one.    The design in fixing by statute the time that must elapse between the issuing and the return day of a summons evidently was, that ample time might be allowed to enable a defendant to get ready for his defense.    In the case of residents of the city, it was therefore required to be returnable not more than twelve days from its date, and to be served at least six days before the time of appearance. The time was shortened in the case of non-residents for the obvious reason that the non-resident is a transitory person, with whom it may be an object to have the claim made against him determined as speedily as possible, so that he may not be unnecessarily detained in the city.    The summons in his case, therefore, is required to be returnable in not less than two nor more than four days from its date. In the case of a person who has a place of business in the city, although he resides out of it, this expedition is not required, as he is here regularly to attend to his business, and it is of no essential difference to him whether the summons is returnable in four or in twelve days.    This being the object of the statute in having a briefer period for one who may be temporarily here, as contradistinguished from one who is here regularly, a clerk who is permanently employed in a store in the city may be regarded as one

who, within the intent of the statute has a place of business, for this provision does not necessarily mean one who carries on some business at some particular place in the city, of which business he is the sole or one of the proprietors. The defendant was employed as a clerk in a store in Front Street, and I think may be regarded, within the meaning and object of the statute, as one having a place of business in the city.

The record of the former suit shows that the complaint was dismissed because the plaintiff failed to call the subscribing witness to the assignment. There was no judgment, therefore, upon the merits, and the entry upon the summons that the action was dismissed was the proper entry, and the one by which the court below had to be governed in determining what was the nature of the judgment. The omission to pay the costs of the former judgment had no other effect than to entitle the defendant to move, upon the return of the summons, that all proceedings be stayed until the costs were paid ; or that the court might order that if not paid within a certain time that the complaint should be dismissed. (*Livingston* v. *Edwards*, 1 Cow. 596.) The defendant raised this objection upon the return of the summons, and upon doing so the costs were paid to him, which was all that he was entitled to. In *Flewelling* v. *Brandon* (4 Daly, 333), upon which the appellant relies, the suit could not be discontinued by plaintiff after appearance without the payment of costs. The former action in that case, therefore, was necessarily pending, which was a complete answer to the second action. In courts of justices of the peace in other counties, it has been held that the justice has no power either to stay the proceedings or dismiss the action, because the costs of a former action had not been paid. (*Youle* v. *Brotherton*, 10 Johns. 363.) But this has no application to District Courts in this city since the passage of the act of 1862 (L. 1862, c. 484, p. 971, § 3), which declares that the rules and regulations of the Supreme Court shall apply to these courts so far as they are applicable. The District Courts in the city, therefore, have, since the passage of this act, the same

powers in this respect as the Supreme Court. (*Flewelling v. Brandon, supra.*)

So far as respects the merits, this is a case of conflicting evidence, with which we do not interfere upon appeal.

The judgment should therefore be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.