MARIE S. M. VOULLAIRE, Respondent, *v.* OTTO IRVING WISE, Appellant.

(Supreme Court, Appellate Term, March, 1897.)

**1. Guaranty — What constitutes.**

A written instrument which states that a certain person has arranged to rent certain premises for a specified term, specifying the rent and stating that the maker is guaranteeing such rent, is a guaranty of payment.

**2. Same — Statute of Frauds.**

Such instrument, although not the original agreement, is sufficient to validate such agreement under the Statute of Frauds.

**3. Same — Consideration.**

Where the owner of the premises refused to let them to the person named in the guaranty unless such guaranty was given, the letting of the premises to such person is a good consideration for the guaranty.

**4. Same.**

The consideration for a guaranty need not be stated in the instrument itself, but it is sufficient if the consideration be fairly inferable from the contract.

**5. Same — Construction of.**

Where the language of the guaranty is ambiguous, the court may look at all the circumstances of the case and arrive at the intention of the parties from other circumstances.

**6. Former adjudication — Bar.**

A judgment dismissing the complaint for failure of proof is not a bar to a subsequent action upon the same cause of action.

**7. Dismissal of complaint — Nonpayment of costs.**

A motion to dismiss on the ground of nonpayment of costs awarded on a former action for the same cause cannot be made on the trial.

**660** VOULLAIRE *v.* WISE.

**8. Guaranty — Remedy against principal need not be exhausted.**

It is not essential to an action upon a guaranty for the payment of rent under a lease that the landlord should have exhausted his remedies against the lessee.

APPEAL from judgment of the Ninth Judicial District Court, rendered in favor of the plaintiff.

The following is the opinion of the court below:

FALLON, J. This action was brought by the plaintiff, as assignee of her husband, M. P. Belmont Voullaire, on a written guaranty for rent of deskroom by one Quitman in the office of said plaintiff's assignor at the rate of $12.50 a month for the months of November and December, 1895, and January, February and March, 1896, the guaranty being made by the defendant. The occupancy of Quitman of the premises is not disputed and it appears from the evidence that he did not make any payment on account of said rent for those months, with the exception of $5 paid in the month of November, 1895, which payment has been credited, leaving the sum of $57.50 due by him for rent. The defendant, by his answer, which is oral, generally denies the allegations of the complaint, and by way of defense alleges an adjudication already had been the parties to this action in another action decided in this court for the same cause of action as a bar to the maintenance of this action and the defenses of estoppel and Statute of Frauds.

It would seem somewhat difficult from the plaintiff's evidence to determine whether the action should have been brought against the defendant as principal, under the agreement of lease, or as guarantor, but that is set at rest by the instrument called a guaranty, dated the 16th day of October, 1895, in which the defendant admits the arrangement for rent to have been made with Quitman, as tenant. The instrument reads as follows:

"*October* 16*th*, 1895.

"M. P. B. VOULLAIRE, Esq., 167 East 121st St., City:

"MY DEAR SIR.— Mr. Quitman has arranged with you to rent desk room in your office for a year beginning the first day of November, 1895. He agrees to pay you $12.50 monthly for rent in advance for the first six months of this term and $15.00

per month as rental in advance for the remaining six months. I am glad you are making this arrangement with Quitman as I am guaranteeing his rent.

"Yours truly,

"Otto Irving Wise."

It would seem, therefore, that the defendant here is estopped from denying the rental to Quitman and is precluded from taking the position that he himself hired the desk room referred to, as he did in his motion to dismiss the complaint. It appears sufficiently from the evidence that the plaintiff's assignor refused to let the desk room to Quitman unless the defendant would guarantee the rent, and the defendant agreed to do so, and in compliance with that agreement executed and sent to the plaintiff's assignor the paper already referred to. He now takes the ground, amongst others, that said instrument is not a guaranty and he cannot be held on it as such.

There is no doubt whatever on the testimony in the case that in all honesty and good conscience the defendant, on the default of Quitman, ought to pay the rent in question, and it remains to be seen whether he can escape therefrom by the technical positions which he has assumed.

Consideration for entering into the agreement is proven by the refusal of the plaintiff's assignor to let the desk room to Quitman without the guaranty, and I think the evidence as to what took place between Voullaire and the defendant, coupled with the writing itself, is sufficient to warrant the court in holding that the instrument dated October 16, 1895, is a guaranty for the payment of Quitman's rent. The letter written by the defendant contains all the elements of a contract. It states the terms and time of letting, the names of the parties, and from it appears that the guaranty and letting are made simultaneously and in consideration of each other. It is not necessary, in order to give effect to this letter, in compliance with the Statute of Frauds, to hold that it is the original agreement of the guaranty. The statute states that the agreement, or some note or memorandum thereof, must be in writing. Even if the letter itself is not the original agreement, and assuming that the original agreement was verbal and insufficient, the letter is a recognition and the acknowledgment thereof and complies with the Statute of Frauds and gives vitality to the original agreement. If the note or memorandum required

by the statute appears in any form or paper containing the agreement, it is sufficient. Kuhn v. Brown, 1 Hun, 244.

There is sufficient consideration to support the guaranty. It has been invariably held that where a promise that a guarantor will become liable is part of the inducement on which the creditor acts in creating the original debt, this is a sufficient consideration to support the contract of the guarantor, who subsequently signs. The credit given to the principal debtor forms the consideration for the guaranty. Brandt on Suretyship &. Guarantee, § 15; Oppenheim v. Waterbury, 86 Hun, 122; Baylies on Sureties & Guarantors, 54, 55; McNaught v. McClaughry, 42 N. Y. 22; Erie County Savings Bank v. Coit, 104 id. 532.

Even if it be contended that the letter containing the guaranty did not reach Voullaire until after he let the premises to Quitman, it was nevertheless shown that the letting to Quitman was made on the strength of the defendant's agreement to execute and forward a guaranty. This is sufficient. McNaught v. McClaughry, 42 N. Y. 22, and cases above cited.

In the case of Erie County Savings Bank v. Coit it was held that, where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the latter supports the former; and furthermore, that the consideration need not be expressed in the guaranty, but may be shown by parol. Brandt on Suretyship, etc., §§ 6 and 7.

The former rule, that in contracts of guaranty the consideration must be stated in the instrument itself, has been modified and the legislature in 1863 struck out that requirement and it is now sufficient that the nature of the consideration be fairly inferable from the contract. Smith v. Northrup, 80 Hun, 65.

It may be contended that the writing of guaranty is ambiguous, but in that case the court may look at all the circumstances of the case and arrive at the intention of the parties from other circumstances. Baylies in his work on Guarantors, page 109, states that "in guaranties, letters of credit, and other obligations of sureties, the terms used and the language employed are to have a reasonable interpretation, according to the intent of the parties as disclosed by the instrument, read in the light of surrounding circumstances and the purposes for which it was made. If the terms are ambiguous, the ambiguity may be explained by reference to the circumstances surrounding the parties and by such aids as are allowable in other cases; and, if an ambiguity still

remains, the same rule which holds in regard to other instruments should apply; and if the surety has left anything ambiguous in his expressions, the ambiguity should be taken *most strongly against him.* This certainly should be the rule to the extent that the creditor has in good faith acted upon and given credit to the supposed *intent of the surety."*

From the evidence in this case no other conclusion can be arrived at but that the defendant intended to guarantee and was anxious to convince the plaintiff's assignor that he intended to guarantee the payment of Quitman's rent, and it is evident on the evidence that said guaranty was received and relied on in good faith by said plaintiff's assignor.

There is more reason in this case to hold the defendant strictly to this document because he is a member of the bar, and it was undoubtedly his intention that Voullaire should believe that he, Voullaire, had received a proper guaranty for the payment of his rent, for it appears that otherwise Voullaire would not have rented the premises to Quitman.

There is no merit in the motion of defendant to dismiss the complaint on the ground that an adjudication had already been had between the same parties in the action referred to by him in this court on the same cause of action in favor of the defendant dismissing the complaint, because the record of that action shows that the complaint in that action was dismissed for *failure of proof, with ten dollars costs,* and there could, therefore, be no adjudication on the merits.

Section 1382 of the Consolidation Act (Laws of 1882, vol. 2) provides that " judgment, that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the following cases: Subdivision 1 ＊ ＊ ＊; 2 ＊ ＊ ＊; 3 ＊ ＊ ＊; subdivision 4. *Where the plaintiff does not prove his cause of action."* And the judgment here referred to was a judgment dismissing the complaint for failure of proof, which is a failure to prove his cause of action, and although the judge did not follow the exact language of section 1382 in rendering judgment, the law will make such judgment upon his finding.

Nor is there any merit in the motion to dismiss or to stay proceedings for the failure of the plaintiff to pay the $10 costs of that judgment, because such motion should have been made at the time of joining issue and certainly before the trial of this action was entered upon.

In the case of Lewis v. Davis, 8 Daly, 187, Judge Daly, in delivering the opinion of the court, says: "The omission to pay the costs of the former judgment had no other effect than to entitle the defendant to move, upon the return of the summons, that all proceedings be stayed until the costs were paid; or that the court might order that if not paid within a certain time that the complaint should be dismissed," and cites the case of Livingston v. Edwards,1 Cow. 596. The defendant was too late in making his motion and the court will not dismiss on the trial on that ground.

The defendant did not set up the $10 costs of the former judgment as a counterclaim against the plaintiff's claim in this action or a partial set-off against said plaintiff's claim; if he had done so I should have allowed it, but not having done so, I am precluded from making such allowance.

The only other question the defendant in this case could have raised on the trial is that the plaintiff was bound to exhaust her remedy against Quitman before resorting to this action against the defendant, as guarantor, but that, I think, is sufficiently answered by the case of Cass v. Shewman, 61 Hun, 472, and cases there cited. The defendant did not, however, move to dismiss the complaint for that reason, nor did he argue or suggest any such proposition to the court during the trial or when the case was finally submitted.

Judgment is, therefore, rendered for plaintiff for the amount claimed herein, viz., $57.50, with costs.

Otto I. Wise, appellant in person.

Abraham Loeser, for respondent.

*Per Curiam.* Judgment affirmed, with costs, upon opinion of the justice of the court below.

Present: DALY, P. J., McADAM and BISCHOFF, JJ.

Judgment affirmed, with costs.