EDEN v. HARTT.

(Supreme Court, Appellate Term.   December 13, 1898.)

1. JUDGMENT—RES JUDICATA.
   A complaint, to recover commissions as a broker, was dismissed in the justice court on the ground that the action had been prematurely brought. There were no written pleadings, and the indorsement of the justice stated nothing to show on what ground it was held that the action had been prematurely brought.   Four months later a second action was brought. Held, that the judgment in the first action was not res judicata, since it did not of itself sustain the burden of showing that the second action had not been brought in a way to avoid the objection fatal on the first trial.
2. SAME.
   The burden of showing that a judgment in another action is res judicata is on the party so contending.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Edward Eden against William H. Hartt. From a judgment entered on a dismissal of the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. B. Hands, for appellant.
W. H. Flitner, for appellee.

GILDERSLEEVE, J. The action is for broker's commissions. The defense is "payment, general denial, and res adjudicata." The case was tried on October 14, 1898, before the court and a jury. The plaintiff took the stand, and proved that he had been employed by the defendant to find a purchaser for defendant's premises at $32,000; that he was to receive therefor 2 per cent. commission; that he procured the purchaser; that a sale took place in consequence; that he has been paid $320 on account of his commissions, but that there still remains due to him from defendant the further sum of $320. At the close of plaintiff's case, the defendant introduced in evidence a judgment of the municipal court, rendered by the same justice, on June 10, 1898, in an action between the same parties to this action, and for the same cause of action, where the complaint was dismissed on the ground that the action had been prematurely brought. No testimony is annexed to this judgment, nor any written pleadings, and we have nothing to guide us other than the personal recollection of the justice and of counsel, and the indorsement of the justice as follows: "Claim, $320.00, balance due for commissions for sale of real estate. General denial; payment; suit premature. I find that the action is prematurely brought, and therefore render judgment for the defendant." Upon this judgment defendant moved to dismiss the complaint, which motion was granted, and from the judgment entered thereon plaintiff appeals to this court.

The former judgment, as we have seen, was based solely upon the finding that the action had been prematurely brought. It was not, therefore, rendered upon the merits; and a judgment can be available, as an estoppel or bar, only when it is a judgment on the merits. See Converse v. Sickles, 146 N. Y. 207, 208, 40 N. E. 777. The statute provides that in a district court the complaint is dismissed, without prejudice to a new trial, where the plaintiff does not prove his cause of action. See Consolidation Act, § 1382, subd. 4. See, also, Voullaire v. Wise, 19 Misc. Rep. 659, 44 N. Y. Supp. 510. In the case of Marsh v. Masterton, 101 N. Y. 407, 5 N. E. 59, the court of appeals hold that "the estoppel of an adjudication, made on grounds purely technical, and where the merits could not come in question, is limited to the point actually decided, and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first." The defendant claims that the second action has not "been brought in a way to avoid the objection which proved fatal on the first trial," but that

54 N.Y.S.—66

the same objection now exists as in the first case. The state of facts, however, upon which the first judgment was based, is not shown by the record before us, other than in a very hazy and unsatisfactory way. There is nothing in the judgment, annexed to the record, to show prima facie that it is conclusive against the plaintiff's present case; for, while the action may have been premature four months before, it does not follow that it continued to be premature down to the time of the second trial. The court, it is true, said to the plaintiff's counsel, at the close of his case: "I will allow you to reopen the case for the plaintiff, and put in any testimony to show any different state of affairs which now exists and which did not exist at the time this former decision was rendered." To this offer the plaintiff's counsel replied: "I have rested, and I demand that this case go to the jury. There is not a word of proof here of what the proof was in the previous trial. The proof here is, beyond question, conclusive that this man is entitled to recovery, as it stands at this minute." The complaint was then dismissed. This was error. The burden was upon the defendant, who introduced the former judgment in evidence, to show that it was conclusive as to the issues presented in the present case. This he did not do; as we are unable to discover, with any degree of certainty, from the record before us, whether or not this determination of prematurity in the former action was founded upon the same state of facts as those presented in the case at bar. See Shaw v. Broadbent, 129 N. Y. 123, 29 N. E. 238.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.