(66 Misc. Rep. 190.)

## BRASSACK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. February 15, 1910.)

1. Costs (§ 110*)—Security for—Nonresident Plaintiff—"Office"—"Resident."

The word "office," as used in Code Civ. Proc. § 3160, providing that a plaintiff in an action brought in the City Court of New York, who has an office for the regular transaction of business in person within the city of New York, is deemed a "resident" of that city, within the meaning of sections 3268 and 3269, which provide that a defendant may require security for costs where plaintiff is not a resident, means a place where service is rendered or business is done.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427, 428, 430; Dec. Dig. § 110.*

For other definitions, see Words and Phrases, vol. 6, pp. 4921–4931; vol. 8, p. 7736; vol. 7, p. 6161–6166; vol. 8, p. 7788.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Costs (§ 110*)—Security for—"Office for the Regular Transaction of Business in Person."

The expression "office for the regular transaction of business in person," as used in Code Civ. Proc. § 3160, does not necessarily mean one who carries on some business at some particular place of which he is proprietor; hence the place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business transacted.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427, 428, 430; Dec. Dig. § 110.*]

Appeal from City Court of New York, Special Term.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Louis M. Block (Isaac Siegel, of counsel), for appellant.

James L. Quackenbush (Bayard H. Ames and John Montgomery, of counsel), for respondent.

SEABURY, J. The plaintiff is regularly employed at 41½ Division street, in the borough of Manhattan, city of New York, as an operator on cloaks and suits. The question presented for determination is whether, under the circumstances recited above, the plaintiff can be said to have "an office for the regular transaction of business in person within the city of New York." Code Civ. Proc. § 3160.

The word "office," as used in this statute, means a place where service is rendered or business is done. The expression "an office for the regular transaction of business in person" does not necessarily mean one who carries on some business at some particular place of which he is a proprietor. Lewis v. Davis, 8 Daly, 185. The place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business which one may transact at that place.

The order requiring the plaintiff to give security for costs is reversed, with $10 costs and disbursements, and the motion is denied, with $10 costs. All concur.