THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARDINO SANTORA, Respondent, v. THOMAS D. KREUTER and Others, Constituting the Board of Appeals on Zoning in the City of New Rochelle, Appellants.— The respondent, owner of a house arranged for two families in a district zoned for one-family houses only, applies to the board of appeals on zoning for a variation to permit such alteration and continued use. The application was denied. Upon certiorari to review the action of the board of appeals, the official referee reversed the decision of the board of appeals and granted judgment rezoning the respondent's property from Residential A to Residential B. The board of appeals appeals. Judgment reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination of the board of appeals reinstated and confirmed. Findings of fact numbered 6, 12, 13, 14 and 16 are reversed and the conclusions of law disapproved. There are insufficient facts in this record to establish that the action of the board of appeals on zoning was arbitrary, unreasonable and confiscatory. The fact that other property in the neighborhood is violating the ordinance is not ground for relief. (People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280.) Nor is the fact that the use applied for would be more profitable for the owner. (Matter of Wulfsohn v. Burden, 241 N. Y. 288.) The court may not substitute its discretion for the discretion exercised by the board of appeals unless unreasonable discrimination is shown as a matter of law. (Matter of Larkin Co., Inc., v. Schwab, 242 N. Y. 330.) There is no proof of such unreasonable discrimination here. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.

ERNEST RIDDELL, Respondent, Appellant, v. MARTIN L. RIZZO, Appellant, Respondent.— In an action to dissolve a partnership, for an accounting and a division of the partnership assets, the official referee found that the partnership was dissolved and terminated on April 30, 1937, that the partnership assets amount to $5,416.76, that the partnership had no good will value, that the plaintiff was entitled to recover one-half of the assets from the defendant, and judgment was entered in favor of plaintiff for $2,708.38, plus costs and interest. Judgment affirmed, without costs. No opinion. Hagarty, Johnston, Adel and Taylor, JJ., concur; Close, J., dissents and votes for reversal on the ground of error in computing the profits for the last three months.

LOUISE SCHULZE, Suing on Behalf of Herself and All Others Similarly Situated, as the Holders of General Mortgage 6½% Sinking Fund Gold Bonds, Executed by the CENTRAL ZONE BUILDING, INC., and Guaranteed by MORRIS JARCHO, PASCHEL J. PERRUSI, NATHAN PICKET, ARNOLD GOTTLIEB and GEORGE KONOP, Who May Join in This Action, Appellant, v. MORRIS JARCHO, Respondent, and Others, Defendants.— Order and judgment dismissing the amended complaint unanimously affirmed, with ten dollars costs and disbursements. If she be so advised, plaintiff may serve a new complaint within ten days from the date of the entry of the order hereon upon payment of costs to date. In our opinion, the allegations of the complaint do not indicate any necessity for bringing a representative action. (Brenner v. Title Guarantee & Trust Co., 276 N. Y. 230.) While it is possible to spell out a cause of action in favor of plaintiff from the amended complaint herein, the deletion of all allegations and descriptive portions relating to the representative character of the action would result in a complaint that would be cumbersome and vague. Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.