Archibald C. Wemple, J.
The above-entitled action was commenced by the service of a summons on the defendant on *667 February 2, 1955 in the county of Albany, where the defendant resided. For this reason the defendant, after judgment was taken, now appears specially and asks that the judgment be vacated.
It appears, however, that the defendant was employed at the General Electric plant in Schenectady County at the time the action arose. It was also argued that he was represented informally by an attorney to negotiate for and in his behalf. Upon breakdown of the negotiations, the attorney stated that he would no longer “ stand in the way ” of the plaintiff’s proceeding to judgment.
Thereupon a default judgment was entered by the plaintiff in the Schenectady County Clerk’s office on July 28, 1955 in the amount of $116, together with costs, totaling $140.89. More than one year elapsed before this order to show cause was requested.
Section 67 of the Civil Practice Act defines the jurisdiction of the County Court. Among other things, the section circumscribes the types of lawsuits, dollar damage limits and location of property which apply to the County Court of any county. Subdivision 3 of said section states: “To an action where the defendant, or * * * reside in the county, or where a defendant has an office for the transaction of business within the county and the cause of action arose therein ”. (Italics supplied.)
The defendant, like many other thousands of employees of the General Electric Company, Aleo Products Co. and other employers, enter the limits of Schenectady County daily except on holidays, Sundays and weekends, to work at gainful employment. Most of the working hours of these employees are spent within the county of Schenectady. The business the said employees transact here is of both a personal nature and also for their respective employers.
The problem here is to define the meaning of the phrase ‘ ‘ the defendant has an office for the transaction of business ”. Certainly it would seem that if the defendant is in Schenectady for the purpose of employment, and certainly many of them occupy offices and all of them transact business, these persons are within the county for business purposes. The court here applies to the above-quoted phrase “ office for the transaction of business ” the normal, natural, plain meaning of the words used by the Legislature. It seems unreasonable to limit to said words the restricted interpretation that the defendant have an office for the transaction of his own business.
In Brassack v. Interborough R. T. Co. (66 Misc. 190-191) Justice Seabury said:
*668 “ The word ‘ office, ’ as used in this statute, means a place where service is rendered or business is done. The expression ‘ an office for the regular transaction of business in person ’ does not necessarily mean one who carries on some business at some particular place of which he is a proprietor. Lewis v. Davis, 8 Daly, 185.
“ The place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business which one may transact at that place. ’ ’
Therefore, the defendant transacting business was within the county of Schenectady and was subject to the jurisdiction of the Schenectady County Court.
For the reason stated, the motion to dismiss and vacate the judgment is denied. Submit order.
(On reargument, October 26, 1956.)
This decision does not in any way change the decision of this court dated October 10, 1956 in which it was held that a defendant who was employed within the limits of Schenectady County was thereby subject to the jurisdiction of the Schenectady County Court, and that his said employment was, in effect, the maintenance of “an office for the transaction of business ” within the county.
However, since it now appears from additional facts adduced from affidavits and papers filed in this action since the rendering of the decision above referred to, showing that the defendant was not employed within Schenectady County at the time the cause of action arose, the court herein vacates and sets aside the judgment entered on July 28, 1956, without costs to either party.
Motion for reargument granted and memoranda of the facts and law received.
Submit order.