115 So.2d 170 (1959)
TRIBUNE COMPANY, a Florida corporation, Appellant,
v.
APPROVED PERSONNEL, INC., Approved Personnel, Inc., dba Life Employment, and Approved Personnel, Inc., dba Bay Employment, Appellees.
No. B-225.
District Court of Appeal of Florida. First District.
October 22, 1959.
Rehearing Denied November 16, 1959.
*171 Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
William C. Harris and Turnbull & Hill, Tallahassee, for appellees.
WIGGINGTON, Chief Judge.
Approved Personnel, Inc., is a Florida corporation whose principal place of business is located in Dade County. A part of its corporate activity includes the operation of several employment agencies in Hillsborough County.
The Tribune Company is likewise a Florida corporation engaged in publishing a daily newspaper and whose principal place of business is located in Hillsborough County.
Approved brought suit against Tribune in the Circuit Court of Leon County, in which is situated the capital of Florida. Its complaint seeks declaratory and injunctive relief, together with damages for breach of contract.
To the complaint Tribune filed a motion to dismiss on the ground of improper venue. The motion is supported by an affidavit of the president in which it is attested that Tribune's principal office and place of business is in Hillsborough County where it composes, prints, publishes and issues its newspaper; that the cause of action alleged in the complaint, if any, accrued in Hillsborough County; that Tribune does not have or keep an office for the transaction of its customary business in Leon County, nor is any property involved in the suit located there. This affidavit further recites that Tribune does employ in Leon County a full-time reporter who gathers news and transmits news articles directly to Tribune's *172 Hillsborough County plant for publication; that this reporter carries on the work of Tribune from a location in the capitol building in office space furnished gratis by the State and occupied by all accredited news gathering agencies, such as wire service and newspaper staff representatives; that during sessions of the state legislature and on other special occasions Tribune employs in Leon County other special machine operators and news reporters for the purpose of assisting in gathering and disseminating news articles.
The chancellor denied the motion to dismiss upon a finding from the facts stated in the supporting affidavit that Tribune does have and usually keeps an office in Leon County for the transaction of its customary business in that it maintains there a full-time employee at a fixed location in the capitol building for the purpose of news gathering, which activity was found to be a substantial, consistent and regular part of its business. It is this order which Tribune seeks to have reviewed by interlocutory appeal.
Tribune earnestly contends that the chancellor erred in concluding from the evidence before him that Tribune has and usually keeps an office for the transaction of its customary business in Leon County. It is undisputed that Tribune neither owns nor rents office space for its capital reporters. The State furnishes, free of charge, facilities for the use of Tribune in common with other news agencies, wire services and reporters or staff representatives of other newspapers. However, it is conceded that the fact Tribune pays no rent for the office space, utilities and other facilities necessary to the conduct of its business is not determinative of the issue. The prime question is whether it regularly transacts any substantial part of its customary business from an office within Leon County.
Approved asserts by its brief filed in this court that the affidavit of Tribune's president, which constitutes the sole proof submitted by it in support of its motion, was not served prior to the hearing before the chancellor. Approved states that for this reason it had no opportunity to prepare and submit counteraffidavits in opposition to the motion. It is assumed that since the ruling was in Approved's favor no motion for leave to file counteraffidavits was made. Approved gives assurance, however, that if it had been afforded the opportunity, it would have produced proof that Tribune carries a listing in the local telephone directory, giving the number of its business telephone located at its office in the capitol press room; that Tribune's capital employee is a full-time permanent resident of Leon County; that in the office space occupied by Tribune in the capitol press room is a desk, typewriter, telephone, teletype machine and other office equipment. Although the foregoing proffer is one of which the court cannot take judicial notice, it would have been a proper subject of proof in opposition to the motion under consideration.
Statutes prescribing venue in actions by or against corporations, being remedial in their nature, should not receive a restricted or artificial construction.[1] It is of the very nature of venue that plaintiff selects it initially, but need not plead or prove that his selection has been proper and the burden of pleading and proving that venue is improper, if such is the fact, is upon the defendant.[2]
F.S. Section 46.04, F.S.A., prescribes the proper venue for suits against domestic corporations:
"Suits against domestic corporations shall be commenced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary *173 business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."
Insofar as is applicable to the case now before us, venue depends upon the establishment of two concurring factors. It must first be shown that the corporation has or usually keeps an office within the county, and secondly, the office is used for the transaction of the corporation's customary business.
The crux of Tribune's argument appears to be that inasmuch as the space provided for its use is not partitioned off from other similar spaces provided for other news agencies, that space does not constitute an office within the contemplation of the statute. With this contention we cannot agree. To strain the definition of an "office for the transaction of business" to embrace only separate rooms or buildings would do violence to the fair meaning and intent of the statute. Space in a building which is furnished with the type of office furniture and equipment normally used in the transaction of the occupant's customary business has been held to satisfy the definition of "office" as used in statutes dealing with service of process.[3] The same is equally applicable to statutes dealing with the matter of venue. It has been early recognized that the expression "an office for the regular transaction of business" does not necessarily mean one who carries on some business at some particular place of which he is a proprietor. The place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business which one may transact at that place.[4]
For a corporation to transact business in a county within the meaning of such a statute, the business transacted by it in the county must be a part of its usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional or isolated transaction.[5]
In Okeechobee Company v. Rambo[6] suit was commenced in Dade County, whereas the cause of action sued upon accrued and the defendant's principal place of business was located in Okeechobee County. It was shown by the evidence that defendant never had or kept an office for the transaction of its customary business in Dade County. An office in the latter county had previously been opened and temporarily maintained by defendant's agents for their own convenience, but had been closed before suit was commenced. In reversing the decree of the trial court our Supreme Court held that "an office for the transaction of its customary business" as applied to a domestic corporation must have reference to its home office, permanent office, or office through which its principal business is transacted. It would not apply to a temporary office conducted by an agent for his convenience which is subject to abandonment at any time.
A domestic corporation may be sued in any county where it maintains a *174 branch office for the transaction of any substantial part of its customary business.[7] It cannot be reasonably contended that the reporting of news events which daily emanate from a state capital does not constitute a part of the customary business of every major newspaper. If this were not true such newspapers and the wire services would not maintain full-time staff representatives in the capitol for that purpose.
The transaction of its customary business by a domestic corporation from a fixed location within a given county to such an extent that it is actually present there and has such a responsible agent as would presumptively bring home to it notice of a summons served upon him as its representative satisfies the venue requirements of the statute.[8] As said by Mr. Justice Hobson in Inverness Coca-Cola Bottling Company, "After all, venue is but a privilege, and with modern development of communications and the commensurate shortening of distance to the place of trial, the importance of the privilege has diminished, and the day when it was considered nearly jurisdictional is long since gone."[9]
The facts attested to in Tribune's supporting affidavit are so phrased as to render it susceptible to the interpretation that Tribune does have and usually keeps an office in Leon County for the transaction of its customary business. Considering this in light of the principle which places on Tribune the burden of clearly demonstrating that the venue selected by Approved is improper, we are not prepared to hold that the chancellor abused his discretion in entering the order now reviewed. We are of the opinion, however, that the interest of justice will best be served if proof on the issue of venue is more fully developed by the parties before this question is finally determined. The cause is accordingly remanded with directions that both parties be afforded full opportunity, under such terms as may be fixed by the chancellor, to submit additional proof on the venue issue and Tribune's motion be reconsidered on the basis of the record as then constituted.
Remanded.
CARROLL, DONALD K., J., concurs.
Sturgis, J., dissenting.
STURGIS, Judge (dissenting).
My primary disagreement with the conclusions of the majority is in the following particulars:
First. The record and proceedings before this court do not remotely permit the "crux" of appellant's contention to be summarily paraphrased as being to the effect "that inasmuch as the space provided for its [appellant's] use is not partitioned off from other similar spaces provided for other news agencies, that space does not constitute an office within the contemplation of the statute." By that device there is developed an unrealistic and, in my opinion, totally unwarranted interpretation of the basic facts disclosed by the record; moreover, that stilted and somewhat ludicrous premise is a disservice to the plain import of appellant's competent brief, which unswervingly hews to the proposition that the evidence presented to the trial court, on the issue made by the motion to dismiss for lack of venue, conclusively demonstrated, as a matter of law, that appellant did not "keep an office" in Leon County "for the transaction of its customary business" within the meaning and intent of Section 46.04, Florida Statutes, F.S.A. That evidence consists exclusively of an affidavit of the president *175 of the appellant corporation, the pertinent part of which recites:
"1. That affiant is the President of the Defendant, The Tribune Company, publisher of the newspapers known as `The Tampa Tribune' and `The Tampa Times' and is familiar with the matters and things hereinafter in this Affidavit set forth;
"2. The Defendant is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business at Tampa, Hillsborough County, Florida. The office and principal place of business of The Tribune Company at all times involved in the above action and since its incorporation has been in Tampa, Hillsborough County, Florida. At such office and location said Defendant, at all times mentioned in the Complaint in the above styled cause, carried on the business of composing, printing, publishing and issuing its newspaper called The Tampa Tribune and its newspaper called The Tampa Times;
"3. The said Tribune Company does not have or keep and at the commencement of this suit did not have or keep an office for the transaction of its customary business in Leon County, Florida, the County in which the aforesaid action was commenced. The activities of the Defendant The Tribune Company in Leon County are and were at the time of the commencement of this action limited as follows:
"a. The Tribune Company employes [sic] Martin Waldron as a newspaper reporter at Tallahassee, Florida. Said reporter's activities consist in gathering news and transmitting news articles to Defendant at Tampa, Florida. The said Martin Waldron is not an officer of the Defendant corporation and does not occupy a managerial or executive position with said Defendant;
"b. Defendant employs part time for piece work only during sessions of the Legislature a tape puncher to assist in transmitting wire messages to defendant's office at Tampa, Florida. Such employee is not an officer of the Defendant corporation and does not occupy an executive or managerial position with the said Defendant;
"c. Defendant corporation, at intervals when special functions require the same, sends additional news reporters to Leon County and the State Capitol for purposes of assisting in news coverage;
"d. The Defendant corporation does not have a permanent or regular circulation agent as stated in Paragraph 15 of the Complaint located in the City of Tallahassee. The Defendant corporation entered into an Independent Distributor's Agreement with Mrs. Bill Sauls as an independent contractor with respect to the supply to the distributor at wholesale of copies of The Tampa Tribune. Said independent distributor is not an employee of the Defendant corporation and is not an agent of the Defendant corporation, but is an independent contractor, all as shown by copy of said contract attached hereto as Exhibit A and hereby made a part hereof;
"e. The Defendant corporation does not rent any office in Leon County, Florida, and maintains no separate office there for the transaction of its customary business. The news reporters of the Defendant corporation enjoy the same privileges as do news agencies, wire services and staff representatives of other newspapers in the State of Florida with respect to facilities furnished such news agencies or reporters for newspapers in the State Capitol Building at Tallahassee, Florida;

*176 "f. Defendant corporation does not compose or print newspapers in Leon County, Florida.
"4. No property located in Leon County is involved in this litigation.
"5. That the cause of action, if any there be, described in the Complaint did not accrue in Leon County, Florida, but accrued in the County of Hillsborough, State of Florida, being the office and principal place of business of the Defendant and the County in which The Tampa Tribune and The Tampa Times are composed, printed and issued and the place where any and all agreements entered into between the Plaintiffs and the Defendant were made and the place where the Plaintiffs conduct their business which forms the subject matter of said action, and the place where the contracts, allegedly cancelled, were to be performed."
I am of the opinion, contrary to the conclusion of the majority, that the foregoing affidavit is in no sense "vague". To me it is not only clear and unequivocal, but also compellingly sufficient to have required the trial court to grant the subject motion.
Second. It is illogical to treat the statute governing venue as having been designed in order to provide the plaintiff with "such a responsible agent as would presumptively bring home" to a defendant corporation "notice of a summons served upon him as its representative." While that result should and presumably would follow service of process on an agent or employee of a corporation, and was doubtless anticipated by the framers of the act, I am persuaded that the primary legislative intent, as it relates to domestic corporations, was to narrow the venue of suits brought against them, and thus relieve them of the burdensome expense, inconvenience, annoyance, and  quite likely  prejudicial aspects of defending actions that are arbitrarily filed, as in this case, in a forum where the cause of action did not accrue, in which no property involved is located, and where defendant does not reside  a forum that has no logical connection whatever with the parties or the subject matter of the litigation.
Third. It is elemental that there are necessary and well-defined areas in which appellate courts may exercise plenary power over the procedure to be followed by nisi prius courts. However, the action of the majority in remanding this cause to the trial court with directions to reopen it for presentation of additional evidence as the parties may be advised, in support of or in opposition to the subject motion, and to thereupon enter another order in the light of all of such evidence, is a highly irregular procedure, productive of confusion and uncertainty, and is devoid of sound precedent. The utter fallacy of it is apparent from the fact that it calls for a new determination upon the very subject which, according to the solemn opinion of the majority, has already been correctly disposed of by the order on appeal; and this despite the fact that there is no contention that the procedure below was irregular in any particular, or that either party sought an opportunity to present additional evidence. If that boon were desired by either, the trial court was the proper forum in which to timely present the request therefor. I feel that the directions on the remand of this cause additionally confound the conclusions of the majority on the sole issue properly before this court, that is, the regularity of the order appealed.
For the reasons stated, I respectfully dissent.
NOTES
[1] 19 C.J.S. Corporations § 1295, p. 974.
[2] Inverness Coca-Cola Bottling Co. v. McDaniel, Fla. 1955, 78 So.2d 100.
[3] Katschor v. Eason Oil Company, 185 Okla. 275, 91 P.2d 670.
[4] Brassack v. Interborough Rapid Transit Co., 1910, 66 Misc. 190-191, 121 N.Y.S. 215, 216; Coward v. Moore, 1956, 3 Misc.2d 666, 158 N.Y.S.2d 424.
[5] 19 C.J.S. Corporations § 1298, p. 980; State ex rel. Hoffman v. Superior Court of Franklin County, 168 Wash. 472, 12 P.2d 607; Padrick v. M.C. Kiser Company, 33 Ga. App. 15, 124 S.E. 901.
[6] Okeechobee Company v. Rambo, 103 Fla. 687, 138 So. 761.
[7] Inverness Coca-Cola Bottling Co. v. McDaniel, supra note 2; Central Life Insurance Company of Florida v. Afro-American Life Insurance Company, Fla. 1952, 61 So.2d 653.
[8] Hill v. Cumberland Dairies, Inc., Ky. 1956, 288 S.W.2d 341.
[9] Supra Note 2. [78 So.2d 103.]