Hamilton Ward, J.
This is an appeal from an order of the City Court of Buffalo, Special Term (Cosgrove, J.), dismissing the complaint herein upon the ground that the City Court of Buffalo lacks jurisdiction of the parties.
This is a negligence action. The plaintiff and the defendant reside in the Village of Kenmore, New York, adjacent to the City of Buffalo and in the County of Erie. The collision occurred in Kenmore, New York. The complaint states that the plaintiff has an office for the regular transaction of business in the City of Buffalo, New York. The defendant’s affidavit, by Attorney *964 Martin W. Rauch, in paragraph 6 states: “ Upon information and belief that the plaintiff does not have a residence in Buffalo, New York, nor does he have an office to do business in Buffalo, New York, that the plaintiff is a manager and not an owner of the business cited in the complaint, namely the General Adjustment Bureau in Buffalo, New York.”
It appears from this paragraph of this affidavit that the plaintiff is regularly employed in the City of Buffalo as a manager of the office of the General Adjustment Bureau. There is no answering affidavit by plaintiff in the City Court return. However, the above paragraph of the above affidavit raises the issue as to whether the City Court has jurisdiction of the parties where the plaintiff is a manager of a business with an office in the City of Buffalo, although not the owner of a business. The applicable provision of the City Court Act is section 21-a which is as follows:
‘ ‘ 21-a. General jurisdiction.— The territorial jurisdiction of the court shall extend throughout the county of Erie, and it shall have power to send its process and other mandates to any part of the county of Erie for services or execution in an action or special proceeding of which it has jurisdiction, as follows:
‘ ‘ 1. The defendant must be, or, if there are two or more defendants, all of them must be, at the time of commencement of the action residents of the county of Erie. Where the cause of action arose within the county, a non-resident defendant who has an office for the transaction of business within the county is deemed a resident within the provisions of this subdivision.
“ 2. The plaintiff or the defendant, or one of the plaintiffs, or one of the defendants must be, at the time of the commencement of the action, a resident of the city of Buffalo. A resident of the county of Erie, who has an office for the regular transaction of business within the city of Buffalo is deemed a resident thereof within the provisions of this subdivision.”
The only issue here is the definition of the meaning of the phrase ‘ ‘ who has an office for the regular transaction of business within the City of Buffalo.” Such language should be liberally construed in keeping with the modern trend of transferance of business among the courts and in keeping with the expanding financial jurisdiction of the City Court of Buffalo and also in keeping with the modern trend of workers living outside the City of Buffalo and working within the City of Buffalo. The use of the City Court of Buffalo should not be unreasonably closed to the thousands of persons who regularly work in the City of Buffalo.
*965 The portion of section 21-a above, relating to the regular transaction of business is similar to subdivision 3 of section 67 of the Civil Practice Act which defines the jurisdiction of the County Court. A similar provision then found in section 3160 of the Code of Civil Procedure which reads: “an office for the regular transaction of business in person, within the City of New York” was defined by Justice Seabury, writing for the Appellate Term (Feb., 1910) of the Supreme Court (Brassack v. Interborough R. T. Co., 66 Misc. 190) as follows:
“ The word 1 office,’ as used in this statute, means a place where service is rendered or business is done. The expression ‘ an office for the regular transaction of business in person ’ does not necessarily mean one who carries on some business at some particular place of which he is a proprietor. Lewis v. Davis, 8 Daly, 185.
“ The place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business which one may transact at that place.”
This court cannot improve upon this definition of the relevant phrase by the learned former member of this court and adopts it in full herein. Further, in Coward v. Moore (3 Misc 2d 666) it was held that a defendant living in Albany County was a resident of Schenectady County pursuant to subdivision 3 of section 67 of the Civil Practice Act when he spent most of his working hours working within the County of Schenectady. A careful examination of this case discloses, however, that upon further proof, the County Judge therein determined that the defendant actually did not work in Schenectady County, and dismissed the complaint but specifically preserved his definition of the material phrase.
The plaintiff is a resident of the City of Buffalo within section 21-a of the City Court Act.
This court is familiar with a recent Supreme Court, Special Term, decision of Brie County by another member of this court (Orlikowski v. Strash [Lawless, J.] ), to the contrary. Most reluctantly I must disagree with the learned Justice therein.
The order of the City Court is reversed, the complaint is reinstated and the cause restored to the calendar of the City Court actions for trial.