## (May 17, 1962)

■ MICHIGAN MUTUAL LIABILITY COMPANY, Appellant, v. MILES W. EMERY, Individually, and as Administrator of the Estate of HARRY J. EMERY, Deceased, et al., Respondents.— Judgment and order unanimously affirmed, with costs. (Appeal from judgment and order of Erie Supreme Court dismissing the complaint on the merits, in an action for a declaratory judgment under an automobile liability insurance policy. The order determined certain fact questions and that Harry J. Emery was an insured person under the policy.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ DANIEL ORLIKOWSKI, Appellant, v. ALFRED STRASH, Respondent.— Order unanimously reversed, with $25 costs and disbursements and motion denied, without costs. Memorandum: The issue presented by this appeal is whether plaintiff as a result of his employment as a factory worker in the City of Buffalo meets the jurisdictional requirement of subdivision 2 of section 21-a of the Buffalo City Court Act which extends the territorial jurisdiction of the City Court to actions in which one of the parties, although not a resident of the City of Buffalo, has " an office for the regular transaction of business within the City of Buffalo ". In affirming the City Court order setting aside the service of summons on the ground that the plaintiff had no office in the City of Buffalo within the meaning of the quoted section, Special Term gave a restricted interpretation to the word " office " which excluded persons employed in a place not generally recognized as an " office ". The test of jurisdiction should not be so narrowly construed. If a person has full-time employment within the City of Buffalo, as does the plaintiff, he meets the requirements of the Act whether that employment is physically carried on in the office portion of the building or in the factory area. An " office " is a room or any other part of a building in which a person carries on his usual occupation regardless of the type of service rendered. It is his presence in the regular course of his employment within the City of Buffalo which the City Court Act intends and not the nature of his work. The place where the plaintiff spends his working hours is the City of Buffalo and it is this fact which meets the jurisdictional precepts of the act. One may carry on a business even though he be not the proprietor or an executive and to limit the word " office " as was done here is unreasonable (*Lewis* v. *Davis,* 8 Daly 185; also, see *Coward* v. *Moore,* 3 Misc 2d 666; *Brassack* v. *Interborough R. T. Co.,* 66 Misc. 190–191; *Bote* v. *City Bank Farmers Trust Co.,* 61 N. Y. S. 2d 280). (Appeal from order of Erie Special Term affirming the order of the City Court of Buffalo, entered May 10, 1961, vacating the service of summons.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ BUCKLEY PETROLEUM PRODUCTS, INC., and All Other Creditors Similarly Situated, et al., Respondents, v. ABE GOLDMAN et al., Appellants, and JOSEPH SCHWARTZ, Respondent, et al., Defendants.— Order unanimously reversed, with $25 costs and disbursements and motion denied, without costs, with leave to renew upon appropriate papers. Memorandum: The moving papers were totally inadequate and insufficient and the motion should have been denied with leave to renew upon appropriate papers. (Appeal by defendants, Abe Goldman and Markson Bros, Inc., from order of Onondaga Special Term granting a motion of plaintiffs for examination of certain defendants and for discovery and inspection.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.