Robert W. Cacace, J.
The defendant herein is charged *355 with violating sections 107-18, 107-19 and 107-107 of the Code of the City of Yonkers in that it is operating a newspaper distribution business in a "BA” zone district, which business is not a permitted use in said zone district.
Trial was held by the court, without a jury, at which trial it was established that the defendant is operating a newspaper distribution business at 246 South Broadway in the City of Yonkers; that the premises in which the business is located is a multi-family residential apartment house, containing approximately 32 apartments and three stores on the ground floor level, one of which is occupied by the defendant.
The court examined the premises and the area and found it to be a typical older combination business and residential area, containing some buildings similar to the building in question, some free-standing commercial buildings and one newer apartment house. There is also a row of buildings with stores on the first floor and either one or two apartments over those stores.
The store, occupied by the defendant, contains an office area, used for the billing and record-keeping requirements of the defendant’s business, which area is small in relation to the total area of the store. The balance of the store is relatively open containing a number of tables and some shelves. The premises are used for the intake, preparation and distribution of daily and Sunday newspapers, which "merchandise” is necessarily gone from the premises on a daily basis, after the distribution function is completed.
The defendant poses three defenses: It alleges that its use of the premises is legal under the zoning law of the City of Yonkers; that the zoning ordinance as it applies to its operation is unconstitutional; and that the city is barred from enforcing the zoning law as against them as they only enforce the law in a selective and discriminatory manner.
I
USE OF PREMISES
The applicable portion of the zoning law covering these premises is in the form of a table of permitted uses (see Code of City of Yonkers, § 107-19, table 107-1 to 107-6), none of which specifically delineates the use to which the defendant is putting the premises. The defendant argues however that he is running an office, which is a permitted use in a "BA” zone, *356 or if not found to be an office its operation is an open front store, both of which are permitted uses. In support of its contention it submits the case of Orlikowski v Strash (16 AD2d 873), which gave a liberal interpretation to the term "office” where a jurisdictional question regarding the process of the City Court of Buffalo was at issue. The court does not feel that this definition is controlling.
An ordinance must be interpreted so that each word is given its appropriate meaning and the language employed should be given a reasonable and sensible construction to carry out, if possible, the intention of the legislative body. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94). To hold that the record-keeping and billing procedures carried out by the defendant in the premises constitutes this operation to be an office would be strained and tortuous interpretation of the word office. Every business, of necessity, has to keep records and perform clerical functions to some degree. If we adopted the reasoning of the defendant the zoning law would become meaningless and even the most obnoxious use, provided clerical work was done on the premises, would be permitted in areas otherwise restricted.
II
REASONABLENESS OF REGULATION
The defendant alleges that the ordinance, insofar as it applies to it, is unreasonable and unduly oppressive. A finding that this is so would mandate a dismissal (Matter of Tyson v Tyler, 24 NY2d 671; People v Goodman, 31 NY2d 262; Good Humor Corp. v City of New York, 290 NY 312). The question therefor is whether the restrictions imposed upon defendant by the zoning ordinance of the City of Yonkers are such as to unreasonably impair its ability to operate its business in the City of Yonkers? The premises are situated in a "BA” zone district which permits various business and residential uses to coexist (See Code of City of Yonkers, § 107-12). The "BA” zone district classification is one of the least restrictive in the zoning ordinance allowing businesses as varied as tree nursery, truck gardening, bath-house, cabaret, night club, pool halls and other uses which to many might seem less than desirable to have in close proximity to residential apartment houses. From this the defendant argues that a denial to it to *357 conduct its business while others, even more onerous, are allowed to exist is unreasonable.
The defendant has a right to apply for a special exception use (Code of City of Yonkers, § 107-19, table 107-3, group 36). A special exception use is a device which allows a business to function in a designated area but permits the governing body to regulate or bar the use depending upon conditions of traffic, congestion, noise and other factors which would adversely affect the public or others living or working in the area. (2 Rathkopf, Law of Zoning and Planning [3d ed], ch 54, § 1).
The defendant has not made application for a special exception use. Without such application any argument addressed to the reasonableness of the zoning ordinance, is premature as it is possible that defendant, if it conforms to the mandate of the ordinance, would be allowed to operate.
Ill
SELECTIVE ENFORCEMENT
The defendant alleges that the City of Yonkers has selectively enforced its zoning ordinance in regard to this defendant. At trial the building inspector for the city admitted that there was no policy of enforcing the zoning laws except in response to complaints. Evidence was submitted to the court tending to establish that at least four other businesses, similar to defendant’s, exist and have operated in the City of Yonkers in violation of the zoning law for many years without prosecution by the city. Even if this were found by the court to be so it would not necessarily require a dismissal (People v Giorgi, 16 NYS 2d 923; People ex rel. Santora v Kreuter, 253 App Div 898; People v Friedman, 302 NY 75, 81). This is not to say that in all instances where others similarly situated are not prosecuted there is no defense. A defendant, if he can show a discriminatory design aimed at himself or others similarly situated may be entitled to a dismissal (People v Utica Daw’s Drug Co., 16 AD2d 12). The burden of showing selective enforcement is on the defendant. (People v Utica Daw’s Drug Co., supra.) This burden has not been met by the defendant.
The Court of Appeals however, in the recent case of People v Acme Markets (37 NY2d 326) has imposed a standard for judgment as to whether or not a municipality is enforcing the law equally. In that case various retail businesses in the City of Buffalo, at the instance and request of private citizens, were *358 charged with violating the law prohibiting the sale of certain merchandise on Sunday (General Business Law, § 9). The Buffalo authorities admitted this and stated that the only way they enforced the Sunday closing laws was in response to complaints. Their position was that the law banning Sunday sales was relatively unimportant and that their resources would not allow indiscriminate enforcement.
Although this defendant has not met the burden of proving discriminate enforcement in this case the People, through its building inspector witness, have admitted that enforcement of the zoning law in the City of Yonkers depends entirely upon the institution of citizen complaints. In relation to the enforcement of Sunday closing laws, enforcement of the zoning ordinance in the City of Yonkers is active. Many complaints are filed and a significant volume of those complaints result in court action. If however, all of those complaints are privately initiated the only difference between enforcement of the zoning code and the Sunday closing law is that the public is more concerned with the protections afforded them under the zoning law than whatever benefit may accrue to them under the Sunday closing law. The danger of surrender "to private parties and interest groups who without constraint may manipulate the law for purely private purposes” (People v Acme Markets, 37 NY2d 326, 331, supra) is just as real. The protection of the law should apply equally to actively enforced laws and seldom enforced laws. It may be argued that the city cannot, for valid reasons, enforce this or some other ordinance. The law does not require that every single ordinance or statute be enforced to the same degree but only that, if an ordinance or statute, is enforced it be enforced equally and without discrimination as to all persons and all classes.
It may be that certain violations such as failure to provide heat cannot be enforced by governmental initiation. The evidence to support this type of complaint cannot be obtained by governmental authorities except at the instance of private complainants. In the case of zoning violations however, where, as in this case, the alleged violation is open and notorious, it is the obligation of the legally instituted enforcing body to establish some adequate method to ensure that the guarantee of equal protection under the law afforded all citizens under the Federal and State Constitutions (US Const, 14t,h Arndt; NY Const, art I, § 11) is met.
The court finds that this defendant has not been afforded *359 the protection required by the Federal and State Constitutions.
The complaint herein is dismissed.