SCHWARTZ, Chief Judge.
Hancock is a resident of Volusia County who was joined as a co-defendant with two Florida corporations in a Dade County lawsuit arising out of causes of action which accrued in Broward County. He appeals from an order denying his motion to dismiss for improper venue. We affirm because the appellant did not demonstrate that the co-defendants were not “residents” of Dade County within the meaning of Section 47.051, Florida Statutes (1983).[1] While Hancock’s affidavit stated that each corporation had its “principal place of business” and did business “primarily” in Broward County, it did not negate the significantly different statutory requirement of the existence in Dade County of “an office for the transaction of its customary business.” [e.s.] See Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170 (Fla.lst DCA 1959). Hence, as in Birdsall Shipping, S.A v. Gallardo, 390 So.2d 437 (Fla.3d DCA 1980), the appellant failed to carry his burden of establishing that venue was improper under Section 47.021, Florida Statutes (1983):
Actions against defendants residing in different counties. — Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
Affirmed.

. Actions against corporations. — Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.